ROY A. WOOFTER, District Attorney of Clark County, Nevada, Petitioner, v. THE HONORABLE THOMAS J. O'DONNELL, as District Judge, Eighth Judicial District Court, County of Clark, State of Nevada, Respondent.

No. 7939

December 5, 1975 542 P.2d 1396

*Robert List,* Attorney General, Carson City; *George Holt,* District Attorney, and *Frank Cremen, Dan M. Seaton,* and *Sherman H. Simmons,* Deputy District Attorneys, Clark County, for Petitioner.

*Morgan D. Harris,* Public Defender, and *Stephen L. Huffaker,* and *Joseph T. Bonaventure,* Deputy Public Defenders, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Petitioner Woofter seeks in this original proceeding the issuance of a writ of mandamus directing the respondent district judge to sentence a defendant in accordance with NRS 193.-165, commonly known as the enhanced punishment statute.[1] The district judge sentenced a defendant who had entered a plea of guilty to the crime of robbery with the use of a firearm to serve 8 years in the State prison, but suspended execution of the sentence for 5 years, during which period the defendant

---

[1]NRS 193.165, prior to the 1975 amendment:

"1.   Any person who uses a firearm or other deadly weapon in the commission of a crime shall be punished by imprisonment in the state prison for a term equal to and in addition to the term of imprisonment prescribed by statute for such crime. The sentence prescribed by this section shall run consecutively with the sentence prescribed by statute for such crime.

"2.   The provisions of this section shall not apply where the use of a firearm or other deadly weapon is a necessary element of such crime." Stats. Nev. 1973, ch. 759, at 1593.

was placed on probation, serving the first 9 months in the county jail. The district judge refused, however, to impose an additional sentence because the defendant had used a firearm in the commission of the crime, declaring at the time of sentencing, " . . . [T]he other matter which called for the enhancement of the penalty under NRS 193.165, I am going to ignore it, as either unconstitutional or a Legislative encroachment on a judicial function." The district judge ruled that the statute was unconstitutional, "in that it calls for two penalties for one crime, and it is also vague and uncertain. . . ."[2]

It is axiomatic that the Legislature has the power to declare certain conduct criminal and provide for its punishment. As early as 1820, in United States v. Wiltberger, 18 U.S. 76, 95 (5 Wheat.), Chief Justice Marshall declared: "[T]he power of punishment is vested in the legislative, not in the judicial department. It is the legislature, not the Court, which is to define a crime, and ordain its punishment."

It is also a fundamental concept expressed in criminal statutes providing a single sentence of imprisonment for each distinct crime that a defendant may not be punished more than once for the same offense.

Other jurisdictions having enhanced punishment statutes have considered and ruled on the issue of whether such statutes

---

[2]The judge, in passing on the constitutionality of the statute, said in part:

"If they [the Legislature] don't give us a new crime, then they put the Court in the awkward position, if it [the Court] follows the statute, to impose two sentences for one crime, and thus an individual stands convicted twice for the commission of one offense.

"I feel that there is something inherently wrong with this method of enhancing the criminal penalty, and that there are many other ways in which the penalties could be enhanced: They could go through the statutes—take Robbery, Burglary, Rape, and set up specific penalty sections for those crimes when they were shown to have been committed with the use of a deadly weapon, or they could simply say that if during the course of a trial it was clearly demonstrated to the Court that the deadly weapon was used in the commission of such crimes, which ordinarily do not necessarily—as one of their elements—include the use of a deadly weapon, and have another penalty provision, but only one penalty and not two penalties for one crime.

"I feel that it is unconstitutional and I am taking this time to declare it so, so that in the event someone wants to attempt to clarify this matter or our Supreme Court [does], then they can study the provisions of NRS 193.165."

place the defendant in double jeopardy. In People v. Henry, 91 Cal.Rptr. 841, 842–843 (Cal.App. 1970), the court resolved the question as follows:

". . . The fallacy of this contention is that section 12022.5 [of the California Penal Code] does not prescribe an offense. . . . Section 12022.5 merely provides additional punishment for an offense in which a firearm is used."[3]

The California court further said, in People v. McDaniels, 102 Cal.Rptr. 444, 449 (Cal.App. 1972):

". . . That it [the Legislature] chose to accomplish its purpose through one rather than six amendments is not a valid reason for declining to carry out the legislative intent if that intent is clear, and if the amendment is not invalid for other reasons. . . .

". . .

"We hold that the concern of the Legislature over the use of firearms in the commission of crimes, and its desire to deter the use thereof by increasing the penalties attendant upon this use constituted reasonable grounds for increasing the penalties theretofore provided for the crimes enumerated. . . ."

The State of Washington has an enhanced punishment statute. Wash. Rev. Code Ann. § 9.41.025 (Supp. 1974).[4] In State

---

[3]Section 12022.5 of the California Penal Code (West 1970) provides as follows:

"Any person who uses a firearm in the commission or attempted commission of a robbery, assault with a deadly weapon, murder, rape, burglary, or kidnaping, upon conviction of such crime, shall, in addition to the punishment prescribed for the crime of which he has been convicted, be punished by imprisonment in the state prison for a period of not less than five years. Such additional period of imprisonment shall commence upon expiration or other termination of the sentence imposed for the crime of which he is convicted and shall not run concurrently with such sentence.

"Upon a second conviction under like circumstances, the additional period of imprisonment shall be for a period of not less than 10 years, and upon a third conviction under like circumstances the additional period of imprisonment shall be for a period of not less than 15 years, such terms of additional imprisonment to run consecutively.

"Upon a fourth or subsequent conviction under like circumstances, the defendant may be imprisoned for life or a period not less than 25 years, in the discretion of the court.

"This section shall apply even in those cases where the use of a weapon is an element of the offense."

[4]Wash. Rev. Code. Ann. § 9.41.025 (Supp. 1974):

"Any person who shall commit or attempt to commit any felony, or any misdemeanor or gross misdemeanor categorized herein as inherently dangerous, while armed with, or in the possession of any firearm, shall upon conviction, in addition to the penalty provided by statute for the

v. Rose, 498 P.2d 897 (1972), the Washington Supreme Court rejected the argument that the statute posed a double jeopardy problem. The court ruled that the imposition of consecutive sentences resulting from the "use of firearms" statute was not objectionable, on the ground that all sentences resulted from the commission of a single act. Further, the court stated in Rose, 498 P.2d at 903–904:

"Neither do we find any merit in the defendant's contention that consecutive sentences are prohibited because they all result from the commission of a single act. The thrust of defendant's contention is that all of the counts charged amount to the commission of only one *offense*. The test to be applied to determine whether or not there is only one offense, is whether each count requires proof of an additional fact which the other does not. Blockburger v. United States, 284 U.S. 299 [parallel cites omitted] (1932). *See also* Gore v. United States, 357 U.S. 386 [parallel cites omitted] (1958)."

A New Jersey court also considered the double jeopardy

---

crime committed without use or possession of a firearm, be imprisoned as herein provided:

"(1) For the first offense the offender shall be guilty of a felony and the court shall impose a sentence of not less than five years, which sentence shall not be suspended or deferred;

"(2) For a second offense, or if, in the case of a first conviction of violation of any provision of this section, the offender shall previously have been convicted of violation of the laws of the United States or of any other state, territory or district relating to the use or possession of a firearm while committing or attempting to commit a crime, the offender shall be guilty of a felony and shall be imprisoned for not less than seven and one-half years, which sentence shall not be suspended or deferred;

"(3) For a third or subsequent offense, or if the offender shall previously have been convicted two or more times in the aggregate of any violation of the law of the United States or of any other state, territory or district relating to the use or possession of a firearm while committing or attempting to commit a crime, the offender shall be guilty of a felony and shall be imprisoned for not less than fifteen years, which sentence shall not be suspended or deferred;

"(4) Misdemeanors or gross misdemeanors categorized as 'Inherently Dangerous' as the term is used in this statute means any of the following crimes or an attempt to commit any of the same: Assault in the third degree, provoking an assault, interfering with a public officer, disturbing a meeting, riot, remaining after warning, obstructing firemen, petit larceny, injury to property, intimidating a public officer, shoplifting, indecent liberties, and soliciting a minor for immoral purposes.

"(5) If any person shall resist apprehension or arrest by firing upon a law enforcement officer, such person shall in addition to the penalty provided by statute for resisting arrest, be guilty of a felony and punished by imprisonment for not less than ten years, which sentence shall not be suspended or deferred."

issue in State v. Buffa, 168 A.2d 49, 52 (N.J.App. 1961), where the court held:

"The present claim that the indictment was defective is based on the contention that there was an illegal joinder or consolidation of two separate and distinct statutory violations within the one count of the indictment, namely, robbery . . . and being an armed criminal . . .

"As this court had occasion to say again only a few weeks ago, it is well settled that an indictment like the one here under consideration does not allege two separate crimes, but a single crime (robbery . . .) under circumstances which permit greater punishment for that crime . . .

"The sentences imposed by the court, being well within the maxima allowed under the respective two statutes, were proper. Any suggestion that defendant has been subjected to double jeopardy is without validity. He was punished for only one crime, robbery, for which he received an enhanced punishment because he used a revolver. That a statutory provision for the imposition of a greater sentence because of particular circumstances—in this case, being armed while committing robbery—is constitutionally proper, is too well settled to require discussion."

Finally, the Nevada Legislature on May 15, 1975, passed Assembly Bill 502, amending NRS 193.165.[5] The amendment

---

[5]Stats. Nev. 1975, ch. 465, at 720:

"Assembly Bill No. 502—Assemblyman Dreyer

"CHAPTER 465

"AN ACT relating to crimes and punishments; *clarifying the intent of the legislature in providing an additional penalty for the commission of a crime with the use of a deadly weapon.* [Emphasis added.]

*"The People of the State of Nevada, represented in Senate and Assembly, do enact as follows:*

"SECTION 1. NRS 193.165 is hereby amended to read as follows:

"193.165 1. Any person who uses a firearm or other deadly weapon in the commission of a crime shall be punished by imprisonment in the state prison for a term equal to and in addition to the term of imprisonment prescribed by statute for such crime. The sentence prescribed by this section shall run consecutively with the sentence prescribed by statute for such crime.

"2. *This section does not create any separate offense but provides an additional penalty for the primary offense, whose imposition is contingent upon the finding of the prescribed fact.* [Italicized material in this section was added by the 1975 amendment.]

"3. The provisions of this section [shall] *do* not apply where the use of a firearm or other deadly weapon is a necessary element of such crime." [In this section, the bracketed word "shall" was deleted, and the italicized material was added, by the 1975 amendment.]

was a tool of emphasis to clarify the original intent of the Legislature when it passed NRS 193.165, in 1973. It clearly states that the section does not create any separate offense but provides an additional penalty for the primary offense, whose imposition is contingent upon the finding of a prescribed fact. When a former statute is amended, or a doubtful interpretation rendered certain by subsequent legislation, it has been held that such amendment is persuasive evidence of what the Legislature intended by the first statute. Sheriff v. Smith, 91 Nev. 729, 542 P.2d 440 (1975).

In addition to his ruling that NRS 193.165 was unconstitutional because it placed the defendant in double jeopardy, the district judge held the statute void for vagueness. The doctrine that a statute is void for vagueness is predicated upon its repugnancy to the due process clause of the Fourteenth Amendment to the United States Constitution. The Constitution does not require impossible standards of specificity in penal statutes. The test of granting sufficient warning as to proscribed conduct will be met if there are well settled and ordinarily understood meanings for the words employed when viewed in the context of the entire statutory provision. United States v. Brown, 333 U.S. 18, 25–26 (1948); United States v. Sullivan, 332 U.S. 689, 693–694 (1947). Under such a test, we are satisfied that the words "[using] a firearm or other deadly weapon in the commission of any crime [is punishable by imprisonment] equal to and in addition to the term of imprisonment prescribed by statute for such crime" define a proscribed course of conduct for which a perpetrator may be imprisoned. We do not find unconstitutional vagueness in the statute.

Where the intention of the Legislature is clear, it is the duty of the court to give effect to such intention and to construe the language of the statute so as to give it force and not nullify its manifest purpose. State ex rel. Barrett v. Brodigan, 37 Nev. 245, 141 P. 988 (1914); State ex rel. Mighels v. Eggers, 36 Nev. 364, 136 P. 104 (1913); In re Prosole, 32 Nev. 378, 108 P. 630 (1910).

We conclude that NRS 193.165 is constitutional and that the word "shall" embodied within it operates to make its use mandatory. We therefore order that a writ of mandamus issue,

directing the respondent district judge to resentence the defendant in the case before the court, in accordance with the provisions of NRS 193.165.