JESSE BOND, Jr., APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 8821

April 24, 1978                                    577 P.2d 412

*Charles M. Damus,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Leon Simon,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Jesse Bond, Jr., was convicted, by jury verdict, of (1) forcible rape with substantial bodily harm (NRS 200.366; NRS 193.015); (2) the infamous crime against nature (NRS 201.190); and, (3) battery (NRS 200.481). Bond's central contention in this appeal is that the evidence is insufficient to support his conviction for rape with substantial bodily harm. Subordinately, he argues the enhanced penalty statute is inapplicable when, as here, a life sentence has been imposed.

1. We reject Bond's first contention for the same reason we stated in Hankins v. State, 91 Nev. 477–478, 538 P.2d 167, 168 (1975), where we reiterated the long standing rule that " '[w]here there is substantial evidence to support a verdict in a criminal case, as the record indicates in this case, the reviewing court will not disturb the verdict nor set aside the judgment.' "

2. We also reject Bond's contention that the enhanced penalty statute (NRS 193.165) is inapplicable when a life sentence is imposed. That statute mandates enhancement of any "term

of imprisonment prescribed by statute."[1] *Cf.* Woofter v. O'Donnell, 91 Nev. 756, 542 P.2d 1396 (1975).

Affirmed.

---

[1]NRS 193.165 provides:

"1.   Any person who uses a firearm or other deadly weapon in the commission of a crime shall be punished by imprisonment in the state prison for a term equal to and in addition to the *term of imprisonment prescribed by statute* for such crime. The sentence prescribed by this section shall run consecutively with the sentence prescribed by statute for such crime.

"2.   This section does not create any separate offense but provides an additional penalty for the primary offense, whose imposition is contingent upon the finding of the prescribed fact.

"3.   The provisions of this section do not apply where the use of a firearm or other deadly weapon is a necessary element of such crime." [Emphasis added.]