DIRECTOR, NEVADA DEPARTMENT OF PRISONS, Appellant, *v.* RONALD BIFFATH, Respondent.

No. 12789

January 20, 1981                           621 P. 2d 1113

*Richard H. Bryan,* Attorney General, and *Robert C. Manley,* Deputy Attorney General, Carson City, for Appellant.

*Norman Y. Herring,* State Public Defender, and *Michael K. Powell,* Special Deputy Public Defender, Carson City, for Respondent.

## OPINION

*Per Curiam:*

Respondent pled guilty to robbery. NRS 200.380. He was subsequently sentenced to a nine-year term in the Nevada State Prison for the robbery and to an additional, consecutive nine-year term for having used a firearm in the commission of the crime. NRS 193.165.[1]

After serving part of his sentence, respondent petitioned the district court for a writ of habeas corpus contending that his two consecutive nine-year terms should be deemed one continuous sentence for purposes of determining his eligibility for parole under NRS 213.120.[2] The district court agreed with respondent and granted his petition. This appeal followed.

The district court relied on Biffath v. Warden, 95 Nev. 260, 593 P.2d 51 (1979) in granting the petition. In that case we held that a sentence for a primary offense which is enhanced under NRS 193.165 is to be treated as one continuous sentence for purposes of awarding good time credits. Like the district court, we can see no logical reason for treating a sentence enhanced under NRS 193.165 differently in the context of parole eligibility than in the awarding of good time credits. The rationale of *Biffath* is equally applicable in this case. *See* Woofter v. O'Donnell, 91 Nev. 756, 542 P.2d 1396 (1975) (NRS 193.165 does not prescribe two penalties for one offense; it enhances the penalty for the primary offense).

Affirmed.

---

[1]NRS 193.165 provides, in pertinent part:

1.  Any person who uses a firearm or other deadly weapon in the commission of a crime shall be punished by imprisonment in the state prison for a term equal to and in addition to the term of imprisonment prescribed by statute for such crime. The sentence prescribed by this section shall run consecutively with the sentence prescribed by statute for such crime.

2.  This section does not create any separate offense but provides an additional penalty for the primary offense, whose imposition is contingent upon the finding of the prescribed fact.

[2]NRS 213.120 provides:

Except as otherwise limited by statute for certain specified offenses, a prisoner may be paroled when he has served:

1.  One-third of the definite period of time for which he has been sentenced pursuant to NRS 176.033, less good time credits; or

2.  One year,

whichever is longer.