DARRELL KREIDEL aka DARRELL ALTSTATT, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 14212

March 30, 1984                                    678 P.2d 1157

*Robert W. Lueck,* Las Vegas, for Appellant.

---

*Brian McKay,* Attorney General, Carson City, and *Ellen F. Whittemore,* Deputy Attorney General, Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This appeal is from an order rejecting a challenge to the retroactive application of our ruling in Director, Prisons v. Biffath, 97 Nev. 18, 621 P.2d 1113 (1981). For the reasons hereafter set forth, we affirm.

In March of 1979 appellant was found guilty of robbery with use of a deadly weapon. The district court sentenced him to five years for the robbery; pursuant to the provisions of NRS 193.165, the court enhanced that sentence by a consecutive five years for the use of a deadly· weapon.[1] The Nevada Board of Parole Commissioners (parole board) thereafter treated appellant's ten-year sentence as two consecutive five-year sentences for the purpose of computing his parole eligibility date.

In 1981 we decided *Biffath,* in which we interpreted NRS 193.165 to provide for one sentence of enhanced length, rather than two consecutive sentences, for the purpose of computing a parole eligibility date. The parole board recomputed appellant's eligibility date based on one ten-year sentence. Appellant challenged this retroactive application of the *Biffath* decision by means of a petition for writ of habeas corpus, arguing that

---

[1] At all times relevant to this appeal, NRS 193.165 provided in pertinent part:

    1.   Any person who uses a firearm or other deadly weapon . . . in the commission of a crime shall be punished by imprisonment in the state prison for a term equal to and in addition to the term of imprisonment prescribed by statute for such crime. The sentence prescribed by this section shall run consecutively with the sentence prescribed by statute for such crime.

    2.   This section does not create any separate offense but provides an additional penalty for the primary offense, whose imposition is contingent upon the finding of the prescribed fact.

our 1981 interpretation of NRS 193.165 operated retrospectively to his detriment. The district court rejected his challenge and discharged the writ. Appellant now contends that this was error; we disagree.

A judicial interpretation of a statute may be retroactively applied if it is both authoritative and foreseeable. *See* Bouie v. City of Columbia, 378 U.S. 347 (1964); Mileham v. Simmons, 588 F.2d 1279 (9th Cir. 1979); Forman v. Wolff, 590 F.2d 283 (9th Cir. 1978), *cert. denied,* 442 U.S. 918 (1979). Appellant does not dispute that our interpretation of NRS 193.165 is authoritative; he argues instead that it was not foreseeable for this court to interpret the statute as not providing for two consecutive sentences. As long ago as 1975, however, we construed NRS 193.165 as providing for one penalty enhanced by the aggravated conduct of use of a deadly weapon, rather than providing for two separate penalties. Woofter v. O'Donnell, 91 Nev. 756, 542 P.2d 1396 (1975). In our view, our application of this general concept to the issue presented in *Biffath* was eminently foreseeable, and appellant was neither entitled to enforcement of the prior erroneous interpretation by the parole board nor deprived of due process by *Biffath's* retroactive application. *See* Mileham v. Simmons, *supra;* Forman v. Wolff, *supra.*

The order discharging the writ is affirmed.