Dennis Nelson FIXEL, Petitioner,

v.

John SLANSKY; Brian McKey,
Attorney General of the State
of Nevada, Respondents.

No. CV–R–85–643–ECR.

United States District Court,
D. Nevada.

Oct. 8, 1986.

Dennis Nelson Fixel, in pro. per.

Brian McKay, Atty. Gen. by Brooke A. Nielsen, Deputy Atty. Gen., Carson City, Nev., for respondents.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., Chief Judge.

Dennis Nelson Fixel, the petitioner, is an inmate at the Northern Nevada Correctional Center. He was convicted on January 14, 1982, in the Eighth Judicial District Court of the State of Nevada in *State v. Fixel*, Case No. C54953 (1982). He was sentenced to eight years for robbery and eight additional years pursuant to Nevada's penalty enhancement statute, NRS § 193.165. The enhanced penalty was a result of a finding that Fixel used a firearm in committing the robbery.

In January, 1983, Fixel petitioned to the First Judicial District Court of the State of Nevada for a writ of habeas corpus. After an evidentiary hearing, that court denied habeas corpus relief. Order Denying Petition for Writ of Habeas Corpus, *Fixel v. Housewright*, Case No. H–48363 (1984) (filed as Exhibit H to respondents' answer). Fixel appealed to the Nevada Supreme

Court; that appeal was dismissed. Order Dismissing Appeal, No. 15539 (1985) (filed as Exhibit J to respondents' answer).

In November, 1985, Fixel filed, in this Court, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition includes four grounds.

First, the petitioner argues that his guilty plea was not made knowingly. The plea was not made at petitioner's arraignment, but was made after the prosecution had presented its case. He partially bases his argument on the assertion that the statutes under which he was convicted; NRS §§ 193.165, 200.380; are unconstitutional in that they are vague.

Second, the petitioner argues that he was denied due process by the way in which he was arraigned. The petitioner states that he was arraigned in a hospital room without counsel present and while he was incoherent. His incoherence at the arraignment was allegedly the result of the denial of necessary medicine, which forced him into delirium tremens.

In his third ground, the petitioner alleges there was no further arraignment until the day of trial, after the jury had been selected, sworn in, and seated. This, the petitioner argues, deprived him of procedural due process and equal protection, and also violated the double jeopardy clause.

In his fourth ground for relief, the petitioner alleged that his sentence of two consecutive eight-year prison terms had been changed to one sixteen-year term. He argued that such a change, without his knowledge, violated his constitutional rights.

The issues raised in the petitioner's fourth ground for relief have never been argued in state court. Thus, as to that ground, the petitioner has not exhausted his state remedies. For that reason, this Court entered a minute order on December 27, 1985, providing that petitioner had twenty days to amend his complaint to strike ground four (and the same amount of time to serve certain documents, the exhibits to his complaint and his reply, upon the respondents).

As of February 5, 1986, the petitioner had not amended his complaint (and had not served the documents upon the respondents). Therefore, on that date, this Court filed a minute order dismissing the petition for a writ of habeas corpus without prejudice. Judgment was entered accordingly by the Clerk.

Thereafter, on February 21, 1986, petitioner moved for reconsideration of the Court's order of February 5, 1986. He then elected to strike his fourth ground from the complaint. The Court entered an order on April 10, 1986, vacating the February 5, 1986, order and judgment.

Thus, the Court now considers the petitioner's three remaining grounds for issuance of a writ of habeas corpus.

The petitioner has, to date, failed to prove service of certain documents upon the respondents. Those documents are the exhibits to his petition and his reply. This Court will not consider those documents. The Court does, however, consider the entire record, other than those documents.

■ This Court finds that the petitioner's guilty plea was knowingly and voluntarily made. The trial judge accepted petitioner's guilty plea only after an affirmative showing that the petitioner was making his plea voluntarily and with an understanding of the consequences. This is evidenced by the reporter's transcript of the proceedings of December 2, 1981, before Judge Carl J. Christensen in the case of *State v. Fixel,* Case No. C54953 (filed by respondents as Exhibit B to their answer). In that transcript, at pages 4–5, the following exchange appears:

THE COURT: Is your plea of guilty freely and voluntarily made?

THE DEFENDANT: Yes.

THE COURT: Is it made without threat or fear to yourself?

THE DEFENDANT: Yes.

. . . . .

THE COURT: Has Mr. Jarrett [Mr. Fixel's counsel] explained to you the ele-

ments of this crime, the burden of proof required by the State in the prosecution of the matter, and defenses that you might have?

THE DEFENDANT: Yes.

THE COURT: Did you understand what he was saying to you?

THE DEFENDANT: Yes.

THE COURT: Is there any matter in your mind that you'd like to have cleared up by the Court today that you didn't, don't understand?

THE DEFENDANT: No.

THE COURT: Were you also advised of the range of punishments that could be imposed by virtue of your guilty plea?

THE DEFENDANT: Yes.

THE COURT: Were you advised that in this case, that the minimum sentence is a prison sentence of one year in the Nevada State Prison for the crime of robbery, and one year in the Nevada State Prison to run consecutively for use of a deadly weapon in commission of a crime?

THE DEFENDANT: Yes.

THE COURT: Do you understand that the maximum sentence in this case is fifteen years confinement in the Nevada State Prison for the crime of robbery, and an additional fifteen years in the Nevada State Prison which must run consecutively for use of a deadly weapon in commission of a crime?

THE DEFENDANT: Yes.

THE COURT: That that would be a total confinement of thirty years in the Nevada State Prison?

THE DEFENDANT: Yes.

It appears clear from the above that the petitioner's plea of guilty was knowingly and voluntarily made. *See Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

 Moreover, NRS § 193.165 is not so vague as to render the petitioner's guilty plea unknowing. When petitioner entered his plea, NRS § 193.165(1) read:

1. Any person who uses a firearm or other deadly weapon or a weapon con-taining or capable of emitting tear gas, whether or not its possession is permitted by NRS 202.375, in the commission of a crime shall be punished by imprisonment in the state prison for a term equal to and in addition to the term of imprisonment prescribed by statute for such crime. The sentence prescribed by this section shall run consecutively with the sentence prescribed by statute for such crime.

1981 Nev.Stat. 2050. The Nevada Supreme Court has held similar language not unconstitutionally vague. *Woofter v. O'Donnell,* 91 Nev. 756, 762, 542 P.2d 1396 (1975) (the language considered was different only in that at the time of *Woofter,* NRS § 193.165 did not include the language concerning tear gas). This Court agrees with that holding. In addition, the language of NRS § 193.165 was explained to the petitioner by his defense counsel as well as by the court on the day the plea was entered.

 Petitioner also argues that his guilty plea was rendered involuntary or unknowing by his counsel's ineffectiveness. In view of the exchange that occurred between the judge and the petitioner on the day the plea was entered, this Court cannot find that the ineffectiveness of petitioner's counsel rendered him ignorant of the ramifications of his plea. Further, there is no indication that the attorney's advice to plead guilty was not within the range of competence demanded of attorneys in criminal cases. *See McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970).

The petitioner's second and third grounds for relief include arguments that certain procedures that occurred prior to the plea of guilty were unconstitutional. Specifically, petitioner argues that he was denied due process by the State of Nevada because he was arraigned while incoherent and because he was not arraigned again until the day of trial, after a jury had been selected, sworn in, and seated.

In *Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) the Supreme Court held that after a criminal de-

## 1142

fendant pleads guilty, on the advice of counsel, he is not automatically entitled to federal collateral relief on proof that the indicting jury was unconstitutionally selected. The Court in *Tollett* reaffirmed the following principle:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*.

*Tollett*, 411 U.S. at 267, 93 S.Ct. at 1608.

█ In this case, the irregularities concerning the petitioner's arraignment occurred prior to his guilty plea. Therefore, this Court cannot issue a writ of habeas corpus because of the unconstitutionality of the arraignment of the petitioner, even if in fact it existed.

IT IS, THEREFORE, HEREBY ORDERED that the petition for a writ of habeas corpus is DENIED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment, accordingly, against petitioner and in favor of respondents.