996 F.2d 1224
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bernard DUFF, Plaintiff-Appellant,
v.
Charles L. WOLFF, Jr., Defendant-Appellee.
 No. 91-16584.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided July 1, 1993.
 
 Before: CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 BACKGROUND
 
 2
 Bernard Duff's civil rights action, 42 U.S.C. § 1983, alleged that Nevada's Director of Prisons violated his civil rights by revoking his parole without a pre-revocation hearing.[1] He prevailed on a motion for partial summary judgment, but the district court awarded him only nominal damages of $1.00, holding that he had suffered only a technical or de minimis violation of his due process rights. That decision is not appealed.
 
 
 3
 The court subsequently denied Duff's request for attorney's fees under 42 U.S.C. § 1988. He timely appeals that denial and requests attorney's fees for this appeal.[2] We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the court's denial of attorney's fees. Oviatt v. Pearce, 954 F.2d 1470, 1481 (9th Cir.1992). We affirm.[3]
 
 ANALYSIS
 
 4
 Duff argues that, as the prevailing party in his § 1983 action, he is entitled to reasonable attorney's fees. Because he achieved some of the benefit he sought by bringing suit, he insists that he has crossed the "statutory threshold" to a fee award of some kind. See Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 789, 791-92 (1989).
 
 
 5
 To be considered a prevailing party under § 1988, however, Garland requires that a plaintiff achieve a resolution of the dispute that changes the legal relationship between himself and the defendant. It is not enough that the plaintiff achieves a "purely technical or de minimis " victory. Id. at 792-93.
 
 
 6
 The district court concluded that its order granting partial summary judgment was a technical or de minimis victory for Duff. Because he was released from prison before entry of the order, it would not change his relationship with the defendants. It held that attorney's fees were not justified under § 1988. The court did not say explicitly whether Duff was a prevailing party under § 1988. From its reasoning, however, we may infer that it concluded that he was not.
 
 
 7
 The resolution of this appeal is controlled by Farrar v. Hobby, 113 S.Ct. 566 (1992). Farrar brought a § 1983 action requesting $17 million in damages. A jury found that the defendant had deprived Farrar of a civil right but had not proximately caused any of the damages Farrar alleged. After remand, the court entered judgment for nominal damages of $1.00 and substantial attorney's fees. The Fifth Circuit reversed the fee award. The Supreme Court affirmed. Id. at 570-71.
 
 
 8
 Justice Thomas, writing for a plurality, reiterated the Garland test for prevailing party status, adding that "[a] judgment for damages in any amount ... modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay." Id. at 574. A plaintiff who establishes the violation of his right to procedural due process, but who cannot prove actual injury, nevertheless is entitled to nominal damages and is a prevailing party under § 1988. Id. Therefore, under Farrar, Duff qualifies as a prevailing party.
 
 
 9
 Although the magnitude of relief obtained does not dictate prevailing party status, it does influence the propriety of fees awarded under § 1988:
 
 
 10
 "Where recovery of private damages is the purpose of ... civil rights litigation, a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought." ...
 
 
 11
 ... When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all.
 
 Id. at 575 (citations omitted).[4]
 
 12
 Duff's action sought special damages for loss of nearly a year's income plus interest, $50,000 compensatory and $50,000 punitive damages. He prevailed by showing a technical violation of his due process rights, but showed no actual injury. He was on parole when his sentence was recalculated. His own violations of that parole caused his subsequent imprisonment.
 
 CONCLUSION
 
 13
 Because the district court awarded Duff only nominal damages, it did not abuse its discretion in denying him attorney's fees. His request for attorney's fees on appeal is denied.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Two weeks after Duff was released on parole, the Nevada Supreme Court changed the treatment of enhanced sentences for parole purposes. See Director, Nevada Dep't of Prisons v. Biffath, 621 P.2d 1113 (Nev.1981), overruled by Nevada Dep't of Prisons v. Bowen, 745 P.2d 697 (Nev.1987). In response, the Nevada Department of Prisons recalculated the sentences of several prisoners, including Duff. When he subsequently violated his parole, Duff was arrested and imprisoned and the recalculated sentence enforced. He was paroled a second time, only to violate his parole again. In his § 1983 action, he alleged that the extension of his parole and the two periods of incarceration violated his due process rights. He sought lost income and compensatory and punitive damages
 
 
 [2]
 We deny Duff's motion to supplement briefs and his motion to stay submission of reasons why oral argument should be heard
 
 
 [3]
 " 'We may affirm on any ground fairly supported by the record.' " United States v. Telink, Inc., 910 F.2d 598, 600 (9th Cir.1990) (per curiam) (quoting Lee v. United States, 809 F.2d 1406, 1408 (9th Cir.1987), cert. denied, 484 U.S. 1041 (1988))
 
 
 [4]
 The four dissenting justices agreed that a civil rights plaintiff who recovers nominal damages is entitled to reasonable attorney's fees under § 1988, but they would have had the Court remand the case for reconsideration of the fee amount. Farrar, 113 S.Ct. at 579-80. Justice O'Connor, whose concurrence formed a majority, concluded that § 1988 expressly grants courts discretion to withhold attorney's fees from prevailing parties where the judgment recovered was insignificant in comparison to the amount actually sought. Id. at 577