# IN THE SUPREME COURT OF THE STATE OF NEVADA

ALEX CHRISTOPHER EWING,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 71870

**FILED**

JUL 12 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from an order denying a postconviction petition for a writ of habeas corpus.[1] Eleventh Judicial District Court, Pershing County; Jim C. Shirley, Judge.

Appellant Alex Ewing argues that the Nevada Department of Corrections improperly treated his sentences for count 4 as separate for purposes of parole eligibility and statutory good time credits thereby applying *Nevada Dep't of Prisons v. Bowen*, 103 Nev. 477, 481, 745 P.2d 697, 699-700 (1987), retroactively and to his detriment. Based upon our review of the record on appeal, we conclude that the district court did not err in denying the petition.

The doctrine of the law of the case, *see Hall v. State*, 91 Nev. 314, 535 P.2d 797 (1975), prevents litigation of this claim because Ewing previously challenged the computation of his sentences under the decision in *Bowen*, and this court determined that his delay in challenging the computation of his sentences and his acquiescence made review

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

17-23096

impracticable.[2] *See Ewing v. Warden,* Docket No. 54970 (Order of Affirmance, July 15, 2010). Moreover, Ewing has failed to support his claim that he was prejudiced. Ewing is serving his final term for count 5, which has been aggregated, after having expired the sentence for the primary offense in count 4 and receiving institutional parole on the deadly weapon enhancement for count 4. No statutory authority or case law permits a retroactive grant of parole. *Niergarth v. State,* 105 Nev. 26, 29, 768 P.2d 882, 884 (1989). Thus, Ewing's argument that he should have started serving his aggregated sentence for count 5 earlier is fundamentally flawed. Ewing has further not provided any specific facts or argument demonstrating that the credits for the deadly weapon enhancement sentence in count 4 require recomputation. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Jim C. Shirley, District Judge
       Alex Christopher Ewing
       Attorney General/Carson City
       Attorney General/Las Vegas
       Pershing County District Attorney
       Pershing County Clerk

---

[2]We note that the district court's analysis focused on the doctrine of mootness and ignored the doctrine of the law of the case. Because the district court reached the correct result in denying the petition, we affirm the decision. *See Wyatt v. State,* 86 Nev. 294, 298, 468 P.2d 338, 341 (1970).