135 Nev., Advance Opinion 24

IN THE SUPREME COURT OF THE STATE OF NEVADA

GERARDO PEREZ,
Appellant,
vs.
BRIAN WILLIAMS, WARDEN,
Respondent.

No. 75001

**FILED**

JUL 03 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

*Affirmed.*

Justice Law Center and Bret O. Whipple, Las Vegas,
for Appellant.

Aaron D. Ford, Attorney General, and Jessica Perlick, Senior Deputy Attorney General, Carson City,
for Respondent.

BEFORE HARDESTY, STIGLICH and SILVER, JJ.

*OPINION*[1]

PER CURIAM:

Appellant Gerardo Perez is serving a sentence for using a deadly weapon in the commission of a second-degree murder in 2003. In a postconviction petition for a writ of habeas corpus, Perez challenged the

---

[1]We previously decided this matter in an unpublished order but then granted respondent's motion to publish the decision as an opinion.

19-28440

computation of time he has served. He claimed, in relevant part, that the credits he earns under NRS 209.4465 must be applied to the minimum term of his enhancement sentence. The district court rejected that argument, concluding that the applicable sentencing statute specified a minimum term that Perez had to serve before becoming eligible for parole and therefore NRS 209.4465(7)(b) precluded respondent from applying the statutory credits to the minimum term of Perez's enhancement sentence. Perez argues that the district court erred because the sentencing statute is silent as to parole eligibility.[2] We disagree because the statute that specified the sentence for the primary offense (second-degree murder) also specified the sentence for the weapon enhancement and that statute specified a minimum term that Perez had to serve before becoming eligible for parole.

## DISCUSSION

NRS 209.4465(7)(b) provides that statutory credits may be applied to the minimum term of an offender's sentence "*unless* the offender was sentenced pursuant to a statute which specifies a minimum sentence that must be served before a person becomes eligible for parole."[3] (Emphasis added.) Pointing to NRS 193.165 as the statute under which he was sentenced for the weapon enhancement, Perez argues that it says nothing about parole eligibility and that the parole-eligibility requirement

---

[2]Perez has not raised any issues related to the other computation claims in his petition.

[3]The exceptions to NRS 209.4465(7) that are set forth in NRS 209.4465(8) do not apply here because the offense at issue was committed before the effective date of NRS 209.4465(8). *See Williams v. State, Dep't of Corr.*, 133 Nev. 594, 595 n.1, 402 P.3d 1260, 1261 n.1 (2017).

in the sentencing statute for the primary offense should not be read into NRS 193.165 because this court has said that the sentence for the primary offense and the sentence for a weapon enhancement "are separate and distinct," *State, Dep't of Prisons v. Bowen*, 103 Nev. 477, 481, 745 P.2d 697, 699 (1987).

When interpreting a statute, we focus on its plain language. *State v. Lucero*, 127 Nev. 92, 95, 249 P.3d 1226, 1228 (2011). At the time of the offense, NRS 193.165(1) expressly relied on the sentencing statute for the primary offense to set the sentence for the weapon enhancement. 1995 Nev. Stat., ch. 455, § 1, at 1431; *see also State v. Second Judicial Dist. Court (Pullin)*, 124 Nev. 564, 188 P.3d 1079 (2008) (holding that the 2007 amendments to NRS 193.165 do not apply to offenses committed before the amendments' effective date). In particular, it required that the enhancement sentence be "equal to . . . the term of imprisonment prescribed by statute for the crime" during which the weapon was used. 1995 Nev. Stat., ch. 455, § 1(1), at 1431. We conclude that NRS 194.165(1)'s plain language incorporated the sentence prescribed by statute for the primary offense. *Bowen* does not undermine that interpretation. The holding in *Bowen* that the primary-offense sentence and enhancement sentence are "separate and distinct" does not mean that those sentences are prescribed by separate and distinct statutes. Take a simple example: consecutive sentences for multiple counts of robbery are "separate and distinct"

sentences, yet they are prescribed by the same statute. Considering the plain language of NRS 193.165(1) before the 2007 amendments, we conclude that the relevant sentencing statute for purposes of NRS 209.4465(7)(b) is the one that prescribed the sentence for the primary offense.[4]

Here, NRS 200.030(5) prescribed the sentence for the primary offense of second-degree murder: either life with the possibility of parole or a definite term of 25 years, both *"with eligibility for parole beginning when a minimum of 10 years has been served."* NRS 200.030(5)(a), (b) (emphasis added). Perez therefore was sentenced for the weapon enhancement pursuant to a statute that specified a minimum sentence—10 years—that he had to serve before becoming eligible for parole on the enhancement sentence. *See Williams*, 133 Nev. at 597-98, 402 P.3d at 1262-63 (explaining the difference between parole-eligibility statutes, which "delineate a [maximum sentence], with eligibility for parole beginning when a minimum of [x] years has been served," and minimum-maximum sentencing statutes, which are silent as to parole eligibility (alteration in original) (internal quotation marks omitted)). As such, NRS 209.4465(7)(b) precludes respondent from applying Perez's statutory credits to the minimum term of his weapon enhancement sentence.[5] The district court did not err in so

---

[4]The analysis is different under NRS 193.165(1) as amended in 2007 because those amendments eliminated the "equal" sentence language and replaced it with minimum-maximum penalties that do not mention parole eligibility. Those amendments do not apply here. *Pullin*, 124 Nev. at 572, 188 P.3d at 1084.

[5]Perez's reliance on our unpublished decision in *Garcia v. Baca*, Docket No. 70874 (Order Vacating and Remanding, Oct. 30, 2017), is misplaced. That case involved a weapon enhancement sentence where the statute that prescribed the sentence for the primary offense did not specify

holding and thus denying the postconviction habeas petition. We therefore affirm the judgment of the district court.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

a term that the offender had to serve before becoming eligible for parole. But notably, we looked to the statute that prescribed the sentence for the primary offense to determine whether NRS 209.4465(7)(b) allowed the offender's statutory credits to be applied to the minimum term of the enhancement sentence—the same as we do here.