# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRIAN EUGENE LEPLEY,
Appellant,
vs.
JAMES DZURENDA, DIRECTOR OF
NEVADA DEPARTMENT OF
CORRECTIONS; AND DWIGHT
NEVEN, WARDEN, HIGH DESERT
STATE PRISON,
Respondents.

No. 71687

FILED

JUL 1 2 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from an order denying a petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Michael Villani, Judge. Brian Lepley argues that he was improperly denied parole at his April 2016 parole hearing and that his rights were denied by retroactive application of NRS 213.1245 and NRS 213.1214.[2]

We conclude that the district court did not err in denying the petition. Parole is an act of grace; a prisoner has no constitutional right to parole. See NRS 213.10705; Niergarth v. Warden, 105 Nev. 26, 28, 768 P.2d 882, 883 (1989). NRS 213.10705 explicitly states that "it is not intended that the establishment of standards relating [to parole] create

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. See NRAP 34(f)(3).

[2]In his informal brief, Lepley argues his rights were also violated by application of NRS 213.1243. However, because this claim was not raised in petition in the district court, we decline to consider it for the first instance in this appeal.

SUPREME COURT
OF
NEVADA

(O) 1947A

17-23100

any such right or interest in liberty or property or establish a basis for any cause of action against the State, its political subdivisions, agencies, boards, commissions, departments, officers or employees." NRS 213.1099 does not create a constitutionally cognizable liberty interest. *See Severance v. Armstrong*, 96 Nev. 836, 839, 620 P.2d 369, 370 (1980). Lepley's claim regarding NRS 213.1245, regarding mandatory parole conditions for sex offenders, is premature as he has not been granted parole. Lepley further demonstrated no error with the application of NRS 213.1214. *See Land v. Lawrence*, 815 F. Supp. 1351, 1353 (D. Nev. 1993) (rejecting a prisoner's ex post facto challenge to the certification requirement of former NRS 200.375 (repealed and replaced by NRS 213.1214)). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:   Hon. Michael Villani, District Judge
Brian Eugene Lepley
Attorney General/Carson City
Eighth District Court Clerk