RONALD BIFFATH, Appellant, v. WARDEN, NEVADA STATE PRISON, Respondent.

No. 10973

April 6, 1979                                                593 P.2d 51

*Norman Y. Herring,* Nevada State Public Defender, and *J. Gregory Damm,* Chief Deputy Public Defender, Carson City, for Appellant.

---

*Richard H. Bryan,* Attorney General, Carson City; *Calvin R. X. Dunlap,* District Attorney, and *John L. Conner,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Appellant pleaded guilty to armed robbery, a felony under NRS 200.380. He was subsequently sentenced to a nine-year term in the Nevada State Prison for the robbery and to an additional, consecutive nine-year term for having used a firearm in the commission of the crime. NRS 193.165.[1]

Appellant, presently serving the first of his two terms, petitioned the district court for post-conviction relief contending that his two consecutive nine-year terms should be totaled for the purpose of awarding credits on his sentence. *See* NRS

---

[1] NRS 193.165 provides, in pertinent part:

"1. Any person who uses a firearm or other deadly weapon in the commission of a crime shall be punished by imprisonment in the state prison for a term equal to and in addition to the term of imprisonment prescribed by statute for such crime. *The sentence prescribed by this section shall run consecutively with the sentence prescribed by statute for such crime.*

"2. *This section does not create any separate offense* but provides an additional penalty for the primary offense, whose imposition is contingent upon the finding of the prescribed fact." (Emphasis added.)

209.443.[2] The district court denied his petition and this appeal followed.

Courts considering this issue have uniformly concluded the award of credits is not a federal constitutional right, but rather, is purely a statutory privilege extended to prisoners by individual state legislatures and may be awarded only in the manner provided by statute. *See* Wolff v. McDonnell, 418 U.S. 539 (1974); Woodring v. Whyte, 242 S.E.2d 238 (W.Va. 1978); Burns v. Page, 446 P.2d 622 (Okla.Crim.App. 1968).

Our statute, NRS 209.443, provides that credits shall be computed based upon the "term of the sentence", and "shall be deducted from the maximum term imposed by the sentence".

We believe, and so hold, that the expressions "term of the sentence" and "term imposed by the sentence" convey the concept of one continuous term of imprisonment and, therefore, the enhanced penalty imposed pursuant to NRS 193.165 should be combined with the term of imprisonment imposed

---

[2]NRS 209.443 provides, in pertinent part:

"1. Every offender who is sentenced to an institution of the department after June 30, 1969, who has no serious infraction of the regulations of the institution, or laws of the state, recorded against him, and who performs in a faithful, orderly and peaceable manner the duties assigned to him, shall be allowed for the period he is actually incarcerated under sentence a deduction of 2 months for each of the first 2 years, 4 months for each of the next 2 years, and 5 months for each of the remaining years of the term, and pro rata for any part of a year where the actual term served is for more or less than a year. Credit shall be recorded on a monthly basis as earned for actual time served.

"2. The mode of reckoning credits shall be as shown in the following table:

SCHEDULE OF CREDITS

| Number of years served. | Good time granted. | Total good time made. |
|---|---|---|
| 1 year | 2 months | 2 months |
| 2 years | 2 months | 4 months |
| 3 years | 4 months | 8 months |
| 4 years | 4 months | 1 year |
| 5 years | 5 months | 1 year, 5 months |
| 6 years | 5 months | 1 year, 10 months |
| 7 years | 5 months | 2 years, 3 months |
| 8 years | 5 months | 2 years, 8 months |
| 9 years | 5 months | 3 years, 1 month |
| 10 years | 5 months | 3 years, 6 months |

and so on through as many years as may be *the term of the sentence.* The 'total good time made' shall be deducted from *the maximum term imposed by the sentence* and shall apply to parole eligibility as provided by law." (Emphasis added.)

for the primary offense for purposes of computing credits pursuant to NRS 209.443. *Cf.* Ex Parte Albori, 21 P.2d 423 (Cal. 1933); St. Peter v. Rhay, 352 P.2d 806 (Wash. 1960). To hold otherwise would frustrate the purpose of the statute.

This result is consistent with our holding in Woofter v. O'Donnell, 91 Nev. 756, 542 P.2d 1396 (1975), where we held that NRS 193.165 does not prescribe two penalties for one offense, but rather, "provides an additional penalty for the primary offense". *Id.* at 762, 542 P.2d at 1400.[3] NRS 193.165(2).

Thus, in appellant's case, the term of the sentence, for purposes of NRS 209.443, would be eighteen (18) years, representing the total of (1) the nine-year term imposed for commission of the robbery and (2) the nine-year term imposed for having used a firearm in the commission of the crime.

The district court order is reversed and the case remanded with instructions to grant the requested relief.

---

[1]Although NRS 193.165(1) purports to prescribe a separate sentence for use of a firearm in the commission of a crime *(see* note 1, *supra),* if literally construed, such provision would contravene fundamental double jeopardy guarantees against multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717 (1969); Merna v. State, 95 Nev. 144, 591 P.2d 252, (1979).