THOMAS LEO NIERGARTH, APPELLANT, *v.* THE STATE OF NEVADA, WARDEN, NEVADA STATE PRISON, GEORGE DEEDS, RESPONDENT.

No. 19167

February 22, 1989        768 P.2d 882

*Thomas L. Niergarth,* in Proper Person, Appellant.

*Brian McKay,* Attorney General, Carson City, and *Rex Bell,* District Attorney, Clark County, for Respondent.

## OPINION[1]

*Per Curiam:*

This is a proper person appeal from an order of the district court denying appellant's post-conviction petition for a writ of habeas corpus.

On January 4, 1985, appellant was convicted, pursuant to a guilty plea, of one count of robbery with the use of a deadly weapon. Appellant was sentenced to serve two consecutive six-year terms in the Nevada State Prison. On April 4, 1988, appellant filed the instant petition for a writ of habeas corpus in the district court. The district court denied the petition, and this appeal followed.

In Biffath v. Warden, 95 Nev. 260, 593 P.2d 51 (1979), and Director, Prisons v. Biffath, 97 Nev. 18, 621 P.2d 1113 (1981), this court held that a sentence for a primary offense and the enhancement sentence for the use of a weapon in the commission of the primary offense should be treated as a single sentence for purposes of computing good time credits and parole eligibility. In Nevada Dep't Prisons v. Bowen, 103 Nev. 477, 745 P.2d 697 (1987), this court overruled the two *Biffath* decisions, and held that the primary and enhancement sentences must be treated as separate sentences for all purposes. Further, we directed that our opinion in *Bowen* "be applied retroactively to the extent possible," but because our opinion was not foreseeable, we stated that "in no case shall this opinion be applied to the detriment of any prisoner sentenced before the date hereof." 103 Nev. at 481 n.4, 745 P.2d at 700.

In compliance with our opinion in *Bowen,* the Department of Prisons informed appellant on January 12, 1988, that the prison would continue to treat his two sentences as one under the *Biffath* decisions because appellant had already appeared before the Parole Board on the combined sentences, and was eligible for an immediate parole to the street. If, however, appellant's sentences were separated and he were granted an institutional parole on the

---

[1]This appeal was previously dismissed in an unpublished order of this court. Upon further consideration, we have determined that our decision should be issued in a published opinion. Accordingly, we issue this opinion in place of our order dismissing this appeal filed December 29, 1988.

first sentence, he would have to serve one-third of the second sentence before he would be eligible for a parole to the street. Clearly, this would not be in appellant's best interest.

In his petition below, appellant contended that the Department of Prisons had denied him an opportunity for a parole hearing to determine whether he is eligible for a retroactive institutional parole pursuant to *Bowen*. Specifically, appellant insisted that this court's opinion in *Bowen* rendered the sentence he is presently serving illegal and that this court ordered the prison authorities "to rectify the error." Appellant argued that the Parole Board has jurisdiction to grant an institutional parole retroactive to the date that appellant might have been eligible for such a parole had his sentences not been aggregated. Appellant concluded that the prison's failure to separate his sentences as required by *Bowen* denied him an opportunity to appear before the Parole Board to seek a retroactive institutional parole from his first sentence to his second sentence. Finally, appellant suggested that the Department of Prison's failure to follow the mandate of *Bowen* has rendered it impossible to afford appellant complete relief at this time. Therefore, appellant asserts that he should be immediately released from prison.

In *Bowen*, we did not declare the sentences appellant is serving to be illegal. Instead, we merely instructed the Department of Prisons to calculate the sentences differently for purposes of determining good time credits, when a prisoner is eligible for parole, and when a sentence is expired. Because a prisoner has no due process right to clemency, a change in the method of determining how a statutory grant of clemency will be administered does not implicate a constitutionally protected interest. *See* Severance v. Armstrong, 96 Nev. 836, 620 P.2d 369 (1980) (a prisoner has no protectible expectation of release before he has completed his sentence). Also, we did not instruct the Department of Prisons to sever all sentences previously aggregated. Instead, we directed the Department of Prisons to sever aggregated sentences to the extent that such could be done without prejudicing any prisoner. The severance of appellant's sentences would not be to appellant's benefit. Therefore, the Department of Prison's refusal to sever appellant's sentences is in compliance with *Bowen*. Appellant's contention that he should be released because the Department of Prisons has refused to comply with this court's mandate in *Bowen* lacks merit.

Further, the Department of Prisons does not have the power to grant or deny a hearing before the Parole Board. Instead, only the Parole Board has authority to consider applications for parole. *See* NRS 213.130; NRS 213.133. More importantly, the record

reveals that appellant has not been denied a hearing before the Parole Board. Indeed, appellant has already had a hearing before the Parole Board on his combined sentences, and the Parole Board denied his request for an early release from prison. Pursuant to NRS 213.142, the Parole Board has scheduled an additional hearing on June 1, 1989, for the purpose of considering whether to grant appellant parole. Because appellant is presently eligible for a parole to the street, nothing would prevent the Parole Board from granting appellant an immediate hearing if it were so inclined. Contrary to appellant's belief, the severance of his sentences at this time would not entitle him to an earlier appearance before the Parole Board. We conclude, therefore, that the refusal of the Department of Prisons to sever appellant's sentences has not deprived appellant of a hearing before the Parole Board.

Finally, we are unaware of any statutory or case-law authority for the proposition that the Parole Board has authority to grant a retroactive parole. Assuming, however, that the Parole Board has such authority, there appears to be no reason why the Parole Board cannot take any appropriate action within its powers at the hearing presently scheduled for June 1, 1989. Further, in light of the Parole Board's refusal to grant appellant a parole to the street, appellant cannot demonstrate that his belief that the Parole Board might grant him a retroactive parole is anything more than speculation.

Having reviewed the record on appeal and the proper person opening brief submitted by appellant, and for the reasons set forth above, we conclude that appellant cannot demonstrate error in this appeal, and that further briefing and oral argument are unwarranted. *See* Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975), *cert. denied,* 423 U.S. 1077 (1976).[2]

---

[2]THE HONORABLE ROBERT E. ROSE, Justice, did not participate in the decision of this appeal.