RICHARD HARRIS JOHNSON, Appellant, v. DIRECTOR, NEVADA DEPARTMENT OF PRISONS, George W. Sumner, Respondent.

No. 19366

June 1, 1989                                    774 P.2d 1047

*Terri Steik Roeser*, State Public Defender, *Jeffrey M. Evans*, Deputy, Carson City, for Appellant.

*Brian McKay*, Attorney General, *Arthur G. Noxon*, Deputy, Carson City, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court denying appellant's post-conviction petition for a writ of habeas corpus.

On June 2, 1976, appellant was convicted of one count of robbery with the use of a deadly weapon. Appellant was sentenced to seven years for the robbery and to a consecutive seven years for the use of a deadly weapon. *See* NRS 193.165 (person

who uses a deadly weapon in the commission of a crime shall be punished by an additional term in prison equal in length and consecutive to the term of imprisonment for the primary offense). On April 11, 1978, appellant received an institutional parole from his first seven-year sentence to his consecutive seven-year sentence. In May of 1979, appellant was paroled to the street.

Appellant immediately violated his parole by committing another robbery. Consequently, the parole board revoked appellant's parole.[1] Appellant was convicted of the second robbery and was sentenced to fifteen years for the robbery and a consecutive fifteen years for the use of a deadly weapon in the commission of the robbery. Appellant is presently serving his sentence for the second robbery.

In Biffath v. Warden, 95 Nev. 260, 593 P.2d 51 (1979), and Director, Prisons v. Biffath, 97 Nev. 18, 621 P.2d 1113 (1981), this court held that a sentence for a primary offense and the enhancement sentence for the use of a deadly weapon in the commission of the primary offense should be treated as a single sentence for purposes of computing good time credits and parole eligibility. Appellant's sentences were recomputed pursuant to these opinions. Thereafter, the parole board and prison officials treated appellant's two consecutive sentences for the first robbery as a single term of imprisonment for all purposes.[2]

---

[1]The parole board executed a form document entitled "certification of action; parole violation hearings." The preparer of this document placed a check mark in the blank space next to the pre-printed words: "parole revoked." Because the parole board did not expressly indicate that it was revoking both of appellant's paroles, appellant speculates that the parole board revoked only his parole from his second sentence, leaving his first parole in effect. The state contends that the parole board did not expressly revoke both of appellant's paroles because the state was treating appellant's two sentences as one pursuant to opinions issued by this court. The state's argument appears to be factually incorrect because appellant's parole was revoked on February 28, 1980, almost one year prior to this court's opinion in Director, Prisons v. Biffath, 97 Nev. 18, 621 P.2d 1113 (1981). Prior to 1981, the parole board and prison officials continued to treat such sentences as separate for purposes of computing parole eligibility. See Nevada Dep't Prisons v. Bowen, 103 Nev. 477, 745 P.2d 697 (1987). The record in this case does not affirmatively indicate the date on which prison officials began treating appellant's two sentences as one as required by this court's *Biffath* opinions, as discussed in the text, *infra*. From the record, it seems likely that the parole board did not revoke appellant's institutional parole on February 28, 1980, and considered that parole to be in effect until the time appellant's sentences were recalculated pursuant to this court's *Biffath* opinions, at which time the parole board and prison officials simply ignored the institutional parole as a nullity. Nevertheless, in light of our disposition of this case, it is unnecessary to resolve this issue.

[2]The record does not reveal how appellant's sentences for the second robbery have been affected by this court's *Biffath* opinions and the later reversal of those opinions in Nevada Dep't Prisons v. Bowen, 103 Nev. 477, 745 P.2d 697 (1987). The point, however, is not pertinent in the context of this appeal.

Appellant was paroled from his combined sentences for his first robbery conviction on August 4, 1984, and began serving his sentences for the second robbery conviction. On February 13, 1986, petitioner expired his combined sentences for his first robbery conviction. On November 20, 1987, almost two years after appellant expired his sentences for the first robbery conviction, this court overruled the *Biffath* opinions and held that a primary sentence and an enhancement sentence for the use of a deadly weapon must be treated as separate sentences for all purposes. *See* Nevada Dep't Prisons v. Bowen, 103 Nev. 477, 745 P.2d 697 (1987).

Appellant speculates that he would have expired his sentences for the first robbery at an earlier date had his sentences been treated as separate sentences pursuant to *Bowen* rather than as one sentence under the *Biffath* opinions.[3] Appellant contends, therefore, that his sentences for the first robbery should be recalculated pursuant to *Bowen,* and the excess time he served "illegally" on those sentences should be credited to the sentences he is presently serving. We disagree.

Although we indicated that our opinion in *Bowen* should be applied retroactively to the extent possible, that opinion can have no effect on sentences that were legally expired before the date it was issued. In *Bowen,* we did not declare the method employed by prison officials in computing sentences under the *Biffath* opinions to be illegal or improper. "Instead, we merely instructed the Department of Prisons to calculate the sentences differently for purposes of determining good time credits, when a prisoner is eligible for parole, and when a sentence is expired." Niergarth v. Warden, 105 Nev. 26, 27, 768 P.2d 882, 883 (1989). Prison officials acted entirely properly in computing appellant's sentences according to the law as it existed at the time appellant expired his sentences for his first robbery conviction. Further, when appellant expired his sentences, any question as to the method of computing those sentences was rendered moot.[4]

---

[3]This argument is, of course, based on the assumption that appellant would necessarily have been paroled at the earliest possible date. In light of appellant's record as a parole violator, this assumption may not be correct.

[4]Appellant contends that the issue of the computation of his sentences for the first robbery is not moot because he has been continuously incarcerated and any credit resulting from a new computation of the time served pursuant to the sentences for the first robbery could be applied to the sentences he is presently serving for the second robbery conviction. We disagree. Appellant properly expired his sentences on the first conviction and was discharged as to those sentences. No recomputation of the time served on those sentences could properly be made at this time.

Appellant also contends that he was denied due process of law when his two seven-year sentences were aggregated under the *Biffath* opinions, and that prison officials are presently violating his due process rights by refusing to recalculate his prior sentences pursuant to *Bowen*. We disagree. We have expressly rejected the argument that any prisoner has a due process right to a recalculation of his sentence under *Bowen*. *See* Niergarth v. Warden, 105 Nev. 26, 27, 768 P.2d 882, 883 (1989) (the method of determining how a statutory grant of clemency will be administered does not implicate a constitutionally protected interest); *see also* Severance v. Armstrong, 96 Nev. 836, 620 P.2d 369 (1980) (a prisoner has no protectible expectation of release before he has completed his sentence). Appellant's contention, therefore, lacks merit.

In light of the foregoing, we find it unnecessary to address the remaining contentions raised by appellant. We conclude that the district court properly denied appellant's petition for a writ of habeas corpus, and we affirm that decision.