An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JULIO SMITH PARRA,
Appellant,
vs.
RENEE BAKER, WARDEN,
Respondent.

No. 65076

**FILED**

JUN 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Seventh Judicial District Court, White Pine County; Gary Fairman, Judge.

In his August 22, 2012, petition, appellant first claimed that he was improperly denied parole and that the parole hearing violated his due process rights. Appellant's claims were not cognizable in a post-conviction petition for a writ of habeas corpus because appellant was lawfully confined pursuant to a valid judgment of conviction and appellant's claims relating to the parole hearing did not challenge the judgment of conviction or the computation of time served. *See* NRS 34.720. As a separate and independent ground, appellant's challenge to the denial of parole was without merit because parole is an act of grace of

_____

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-19251

the State and there is no cause of action when parole has been denied. *See* NRS 213.10705; *Niergarth v. Warden*, 105 Nev. 26, 28, 768 P.2d 882, 883 (1989). Therefore, the district court did not err in denying this claim.

Second, appellant claimed that the Nevada Department of Corrections incorrectly calculated his parole eligibility date. Appellant asserted that any credits he earned should be applied to his shorter sentences and not to his longest sentence, as appellant believed application of credits to his shorter sentences would allow him the opportunity for parole at an earlier date. Appellant's claim was without merit. NRS 213.1213(1) provides that eligibility for parole for a prisoner sentenced to two or more concurrent sentences is based on the sentence with the longest term before the prisoner is eligible for parole. Therefore, appellant's longest sentence is the controlling sentence for purposes of parole eligibility and appellant failed to demonstrate that the Department incorrectly applied his credits. Therefore, the district court did not err in denying this claim.

Having concluded that appellant is not entitled to relief, we ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Gary Fairman, District Judge
Julio Smith Parra
Attorney General/Ely
White Pine County Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A