# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHARLES A. HUNT,
Appellant,
vs.
WILLIAM SANDIE, WARDEN,
Respondent.

No. 71871

FILED

JUN 15 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING*

This is a pro se appeal from a district court order denying appellant Charles Hunt's August 5, 2016, postconviction petition for a writ of habeas corpus (credits).[1] Eleventh Judicial District Court, Pershing County; Jim C. Shirley, Judge. Hunt challenges the computation of time served with respect to his parole eligibility.

Hunt discharged his sentence as to count 1 in March 2017. Because a parole hearing was the only relief available to him and no statutory authority or case law permits a retroactive grant of parole, *see Niergarth v. Warden*, 105 Nev. 26, 29, 768 P.2d 882, 884 (1989), Hunt's claim regarding count 1 is moot, *see Johnson v. Dir., Nev. Dep't. of Prisons*, 105 Nev. 314, 316, 774 P.2d 1047, 1049 (1989), and we therefore conclude that the district court did not err in denying Hunt's claim as to this count.

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

17-19833

The district court denied Hunt's challenge regarding count 2 as not ripe for adjudication because he had not yet begun to serve that sentence. Hunt's "harm need not already have been suffered"; it just needed to "be probable." *Herbst Gaming, Inc. v. Heller*, 122 Nev. 877, 887, 141 P.3d 1224, 1231 (2006). Given NDOC's practice as to Hunt's first count and the State's opposition to the application of credits to parole eligibility, the alleged harm is not only probable, it is a near certainty. Accordingly, we conclude that the district court erred in failing to address on the merits Hunt's claim regarding count 2. Upon remand, the district court shall consider whether Hunt is entitled, pursuant to NRS 209.4465(7)(b) as it existed at the time of his crimes, to the application of statutory credits to his parole eligibility.

For the foregoing reasons, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:   Hon. Jim C. Shirley, District Judge
      Charles A. Hunt
      Attorney General/Carson City
      Pershing County Clerk