# IN THE SUPREME COURT OF THE STATE OF NEVADA

WILLIAM JOHN CONNORS, III,
Appellant,
vs.
ISIDRO BACA, WARDEN,
Respondent.

No. 71510

**FILED**

JUN 15 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING*

This is a pro se appeal from a district court order denying appellant William Connors, III' July 11, 2016, postconviction petition for a writ of habeas corpus (credits).[1]  First Judicial District Court, Carson City; James E. Wilson, Judge.  Connors challenges the computation of time served with respect to his parole eligibility.

Connors discharged his sentence as to count 1 in September 2011 and has had a parole hearing on his sentence as to count 2.  Because a parole hearing is the only relief available to him and no statutory authority or case law permits a retroactive grant of parole, *see Niergarth v. Warden*, 105 Nev. 26, 29, 768 P.2d 882, 884 (1989), Connors' claims regarding counts 1 and 2 are moot, *see Johnson v. Dir., Nev. Dep't. of Prisons*, 105 Nev. 314, 316, 774 P.2d 1047, 1049 (1989), and we therefore conclude that the district court did not err in denying Connors' claims as to these counts.

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary.  NRAP 46A(c).  This appeal therefore has been submitted for decision based on the pro se brief and the record.  *See* NRAP 34(f)(3).

17-19837

The district court denied Connors' challenge regarding count 3 as not ripe for adjudication because he had not yet begun to serve that sentence. Connors' "harm need not already have been suffered"; it just needs to "be probable." *Herbst Gaming, Inc. v. Heller*, 122 Nev. 877, 887, 141 P.3d 1224, 1231 (2006). Given NDOC's current practice and the State's position that NRS 213.120(2) precludes relief, the alleged harm is not only probable, it is a near certainty. Accordingly, we conclude that the district court erred in failing to address on the merits Connors' claim regarding count 3. Upon remand, the district court shall consider whether Connors is entitled, pursuant to NRS 209.4465(7)(b) as it existed at the time of his crimes, to the application of statutory credits to his parole eligibility for count 3.

For the foregoing reasons, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. James E. Wilson, District Judge
William John Connors, III
Attorney General/Carson City
Carson City Clerk