133 Nev., Advance Opinion 75

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| JESSICA WILLIAMS,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA<br>DEPARTMENT OF CORRECTIONS;<br>AND JO GENTRY, WARDEN,<br>Respondents. | No. 71039<br><br>**FILED**<br><br>OCT 05 2017<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY<br>CHIEF DEPUTY CLERK |

Appeal from a district court order denying a postconviction petition for a writ of habeas corpus challenging the computation of time served. Eighth Judicial District Court, Clark County; James Crockett, Judge.

*Reversed and remanded.*

Ellen J. Bezian and John Glenn Watkins, Las Vegas,
for Appellant.

Adam Paul Laxalt, Attorney General, and Daniel M. Roche, Deputy Attorney General, Carson City,
for Respondents.

---

BEFORE HARDESTY, PARRAGUIRRE and STIGLICH, JJ.

*OPINION*

By the Court, STIGLICH, J.:

NRS 209.4465(7)(b) provides that credits earned pursuant to NRS 209.4465 "[a]pply to eligibility for parole unless the offender was sentenced pursuant to a statute which specifies a minimum sentence that

17-33802

must be served before a person becomes eligible for parole."[1] In this opinion, we consider whether credits earned pursuant to NRS 209.4465 apply to eligibility for parole as provided in NRS 209.4465(7)(b) where the offender was sentenced pursuant to a statute that requires a minimum term of not less than a set number of years but does not mention parole eligibility. Where an offender was sentenced pursuant to such a statute, we conclude that credits do apply to eligibility for parole as provided in NRS 209.4465(7)(b). Because appellant Jessica Williams was sentenced pursuant to such a statute, the credits she earns under NRS 209.4465 should be applied to her eligibility for parole. The district court erred in ruling to the contrary. We therefore reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On March 19, 2000, Williams struck and killed six teenagers with her vehicle. She was convicted of six counts of driving a vehicle with a prohibited substance in her blood or urine causing death in violation of NRS 484.3795 (now codified as NRS 484C.430). For each count, Williams

---

[1]NRS 209.4465 was adopted in 1997. 1997 Nev. Stat., ch. 641, § 4, at 3175. It has been amended several times since then, most notably in 2007 when the Legislature adopted exceptions to NRS 209.4465(7) that currently are codified in subsection 8 of the statute, 2007 Nev. Stat., ch. 525, § 5, at 3177. The 2007 amendments do not apply here. All statutory references in this opinion are to the provisions in effect in 2000, see 1999 Nev. Stat., ch. 552, § 8, at 2881-82, when the offenses in this case were committed.

was sentenced to a minimum term of 36 months and a maximum term of 96 months with each sentence to be served consecutively.[2]

Williams petitioned the district court for a writ of habeas corpus in 2016, arguing that she was entitled to have credits earned pursuant to NRS 209.4465 apply to her eligibility for parole. The district court concluded that the legislative intent was for a prisoner to serve his or her minimum term before being eligible for parole and therefore that credits did not apply to Williams' eligibility for parole. Accordingly, the district court denied the petition. This appeal followed.

## DISCUSSION

A postconviction petition for a writ of habeas corpus is "the only remedy available to an incarcerated person to challenge the computation of time that the person has served pursuant to a judgment of conviction." NRS 34.724(2)(c). Williams' claim—that credits are not being applied to her eligibility for parole—challenges the computation of time served and therefore is raised properly in a postconviction petition for a writ of habeas corpus. *See Griffin v. State*, 122 Nev. 737, 742-43, 137 P.3d 1165, 1168-69 (2006) (interpreting the language of NRS 34.724(2)(c) as logically referring to "credit earned after a petitioner has begun to serve the sentence specified in the judgment of conviction").

Williams asserts that NRS 209.4465(7)(b) requires credits be applied to her eligibility for parole (i.e., her minimum terms) whereas the State contends that both NRS 209.4465(7)(b) and NRS 213.120(2) require

---

[2]Williams was also convicted of unlawfully using a controlled substance and possession of a controlled substance. She received probation for these counts.

SUPREME COURT
OF
NEVADA

(O) 1947A

that she serve her minimum terms without any reduction for credits earned pursuant to NRS 209.4465. The State argues, and the district court agreed, that the Legislature intended for prisoners to serve the minimum term imposed before becoming eligible for parole.

The issue before us is a matter of statutory interpretation. "Statutory interpretation is a question of law subject to de novo review." *State v. Catanio*, 120 Nev. 1030, 1033, 102 P.3d 588, 590 (2004). The goal of statutory interpretation "is to give effect to the Legislature's intent." *Hobbs v. State*, 127 Nev. 234, 237, 251 P.3d 177, 179 (2011). To ascertain the Legislature's intent, we look to the statute's plain language. *Id.* "[W]hen a statute's language is clear and unambiguous, the apparent intent must be given effect, as there is no room for construction." *Edgington v. Edgington*, 119 Nev. 577, 582-83, 80 P.3d 1282, 1286 (2003). This court "avoid[s] statutory interpretation that renders language meaningless or superfluous," *Hobbs*, 127 Nev. at 237, 251 P.3d at 179, and "whenever possible . . . will interpret a rule or statute in harmony with other rules or statutes," *Watson Rounds v. Eighth Judicial Dist. Court*, 131 Nev., Adv. Op. 79, 358 P.3d 228, 232 (2015) (quotation marks omitted).

NRS 209.4465(7) provides that credits earned pursuant to NRS 209.4465: (a) "[m]ust be deducted from [a prisoner's] maximum term" of imprisonment and (b) "[a]pply to eligibility for parole unless the offender was sentenced pursuant to a statute which specifies a minimum sentence that must be served before a person becomes eligible for parole." The first part of subsection 7(b) establishes a general rule—that credits earned pursuant to NRS 209.4465 apply to eligibility for parole. The second part of subsection 7(b) sets forth a limitation—the general rule

does not apply if the offender "was sentenced pursuant to a statute which specifies a minimum sentence that must be served before a person becomes eligible for parole." Thus, if the sentencing statute did not specify a minimum sentence that had to be served before parole eligibility, credits should be deducted from a prisoner's minimum sentence, making an inmate eligible for parole sooner than he or she would have been without the credits.

*Williams was not sentenced pursuant to a statute that specified a minimum sentence that must be served before she becomes eligible for parole*

For purposes of NRS 209.4465(7)(b), the question is whether Williams was sentenced pursuant to a statute that specified a minimum sentence she had to serve before she would be eligible for parole. Williams was sentenced pursuant to former NRS 484.3795(1) (currently codified as NRS 484C.430(1)), which provided that a person convicted of driving with a prohibited substance in the blood or urine causing death "shall be punished by imprisonment in the state prison for a minimum term of not less than 2 years and a maximum term of not more than 20 years." 1999 Nev. Stat., ch. 622, § 28, at 3422. Although that statute required a minimum term of not less than two years, it was silent regarding *parole eligibility*.[3] The plain language of the sentencing statute therefore does

---

[3]We acknowledge that NRS 213.120(2) provided that a prisoner "may be paroled when he has served the minimum term of imprisonment imposed by the court." 1995 Nev. Stat., ch. 443, § 235, at 1260. But NRS 213.120 is not a sentencing statute. In applying the limiting language in NRS 209.4465(7)(b), only sentencing statutes are relevant. The relationship between NRS 209.4465(7)(b) and NRS 213.120 is addressed further *infra*.

*continued on next page . . .*

 

not specify a term that an offender must serve before becoming eligible for parole.

The State argues that, based on legislation passed in 1995, all statutes that require a minimum term of not less than a set number of years inherently require that the offender serve the minimum term before becoming eligible for parole. That argument has some appeal, as indicated by the district court decisions in this case and numerous similar cases currently pending before this court. We nonetheless discern two problems with it that render the interpretation unreasonable.

The first problem is the plain language used in the sentencing statute at issue here in contrast to the language used in other sentencing statutes. The Legislature has used language in other sentencing statutes that expressly requires a particular sentence be served before a person becomes eligible for parole. These "parole-eligibility" statutes delineate a "[maximum sentence], with eligibility for parole beginning when a minimum of [x] years has been served." *See, e.g.*, NRS 200.030(4)(b)(2)-(3) (listing sentencing options for first-degree murder, including "life with the possibility of parole, *with eligibility for parole beginning when a minimum of 20 years has been served*," or "a definite term of 50 years, *with eligibility for parole beginning when a minimum of 20 years has been served*"

---

. . . continued

We also acknowledge that the judgment of conviction in this case includes language indicating that the minimum term had to be served before Williams would be eligible for parole. As with NRS 213.120, the language in the judgment of conviction is not relevant in determining whether the limiting language in NRS 209.4465(7)(b) applies.

 

(emphases added)); NRS 200.366(2)(a)(2) (providing that person convicted of sexual assault that results in substantial bodily harm may be sentenced to "life with the possibility of parole, *with eligibility for parole beginning when a minimum of 15 years has been served*" (emphasis added)); NRS 200.366(2)(b) (providing that person convicted of sexual assault that does not result in substantial bodily harm may be sentenced to "life with the possibility of parole, *with eligibility for parole beginning when a minimum of 10 years has been served*" (emphasis added)); NRS 453.334(1)-(2) (specifying that a person convicted for a second or subsequent offense of selling a controlled substance to a minor must be sentenced to "life with the possibility of parole, *with eligibility for parole beginning when a minimum of 5 years has been served*" or "a definite term of 15 years, *with eligibility for parole beginning when a minimum of 5 years has been served*" (emphases added)). In contrast, sentencing statutes like the one at issue in this case provide for "imprisonment in the state prison for a minimum term of not less than [x] year(s) and a maximum term of not more than [y] years" and do not reference parole eligibility. *See, e.g.*, NRS 200.380(2) (designating the penalty for robbery as "a minimum term of not less than 2 years and a maximum term of not more than 15 years"); NRS 200.481 (providing minimum-maximum penalties for certain types of battery); *see also* NRS 193.130(2)(b)-(e) (outlining minimum-maximum penalties for category B, C, D, and E felonies). In some instances, the Legislature has utilized both formats within a single statute. *See* NRS 453.3385(1) (providing minimum-maximum sentences for trafficking under 28 grams of a controlled substance but parole-eligibility sentences for trafficking 28 grams or more of a controlled substance).

Supreme Court
OF
Nevada

(O) 1947A

7

We must presume that the variation in language indicates a variation in meaning. *See generally Henson v. Santander Consumer USA Inc.*, 582 U.S. ___, ___, 137 S. Ct. 1718, 1723 (2017) ("And, usually at least, when we're engaged in the business of interpreting statutes we presume differences in language . . . convey differences in meaning."); *Loughrin v. United States*, 573 U.S. ___, ___, 134 S. Ct. 2384, 2390 (2014) ("[W]hen [the Legislature] includes particular language in one section of a statute but omits it in another . . . this Court presumes that [the Legislature] intended a difference in meaning." (internal quotation marks and alteration omitted)); *S.E.C. v. McCarthy*, 322 F.3d 650, 656 (9th Cir. 2003) ("[The Legislature's] explicit decision to use one word over another in drafting a statute is material. It is a decision that is imbued with legal significance and should not be presumed to be random or devoid of meaning." (internal citations omitted)). In other words, where the Legislature intended to set forth a specific term that must be served before an offender becomes eligible for parole, it did so with express language to that effect, but where the Legislature did not so intend, it omitted such express language.[4]

---

[4]The State suggests that this court interpreted a minimum-maximum sentencing statute consistent with its position in *Breault v. State*, 116 Nev. 311, 996 P.2d 888 (2000). Although the defendant in that case was sentenced under a minimum-maximum sentencing statute and this court referred to the minimum sentence as a minimum for parole eligibility, this court was not asked in *Breault* to interpret the sentencing statute for purposes of NRS 209.4465(7)(b) or the similar provision in subsection 6(b) of NRS 209.446, which was the credits statute that applied at the time.

The second problem is that interpreting the minimum-maximum sentencing statutes as the State suggests would render the general rule in NRS 209.4465(7)(b), that credits apply to parole eligibility, meaningless. Offenders in Nevada receive either a minimum-maximum sentence, a parole-eligibility sentence, or a determinate sentence.[5] NRS 209.4465(7)(b) does not apply at all to determinate sentences because a determinate sentence only has a maximum term and NRS 209.4465(7)(a) already provided that credits "[m]ust be deducted from the maximum term imposed by the sentence," 1997 Nev. Stat., ch. 641, § 4, at 3175. The general rule in NRS 209.4465(7)(b) does not apply to parole-eligibility statutes because they expressly identify a term that must be served before an offender becomes eligible for parole and therefore are excluded by the limiting language in NRS 209.4465(7)(b). And, under the State's interpretation of the minimum-maximum sentencing statutes, the general rule in NRS 209.4465(7)(b) would not apply to a minimum-maximum sentence because such a sentence would also be excluded by the limiting language in the statute. In sum, under the State's interpretation, there are no offenders who could benefit from the general rule set forth in NRS 209.4465(7)(b) that allows credits to be applied to eligibility for parole, making that statutory language meaningless. We generally try to "avoid

_____

[5]Most determinate sentencing statutes were amended to fit the minimum-maximum format in 1995. *See, e.g.*, 1995 Nev. Stat., ch. 443, § 5, at 1170; § 37, at 1178-79; § 39, at 1179; § 40, at 1180; § 45, at 1182; § 47, at 1182; § 48, at 1183; and § 52, at 1183-84. But some remain. For example, NRS 645C.560(1) does not provide for a minimum sentence or for a specified term of imprisonment before parole eligibility when it states that punishment shall be "imprisonment in the state prison for not less than 1 year nor more than 6 years."

statutory interpretation that renders language meaningless or superfluous." *Hobbs*, 127 Nev. at 237, 251 P.3d at 179.[6]

After our de novo review of the statutes at issue, we conclude that the relevant sentencing statute did not specify a term that must be served before parole eligibility as contemplated by the limiting language in NRS 209.4465(7)(b). As such, the general rule set forth in NRS 209.4465(7)(b) applies and provides for the deduction of credits from Williams' minimum sentence.[7]

---

[6]The State argues that our interpretation would render NRS 209.4465(8), added in 2007, meaningless. Subsection 8 sets forth exceptions to NRS 209.4465(7), providing that credits do not apply to eligibility for parole where the offender has been convicted of certain offenses. *See* 2007 Nev. Stat., ch. 525, § 5, at 3177. Although some aspects of subsection 8 likely were unnecessary, such as those excluding category A felony offenses, most of the provisions set additional limitations on the application of credits to eligibility for parole that were not previously covered in subsection 7(b).

[7]Our interpretation of NRS 209.4465(7)(b) applies only to crimes committed on or between July 17, 1997 (the effective date of NRS 209.4465) and June 30, 2007 (the effective date of NRS 209.4465(8)). Because the application of credits under NRS 209.4465(7)(b) only serves to make an offender eligible for parole earlier, no relief can be afforded where the offender has already expired the sentence, *see Johnson v. Dir., Nev. Dep't of Prisons*, 105 Nev. 314, 316, 774 P.2d 1047, 1049 (1989) (providing that "any question as to the method of computing" a sentence is rendered moot when the sentence is expired), or appeared before the parole board on the sentence, *see Niergarth v. Warden*, 105 Nev. 26, 29, 768 P.2d 882, 883-84 (1989) (recognizing no statutory authority or caselaw allowing for retroactive grant of parole).



*NRS 213.120(2) does not control over NRS 209.4465(7)(b)*

The State alternatively focuses on NRS 213.120(2), arguing that the statute clearly and unambiguously provided that credits earned under NRS Chapter 209 must not reduce a prisoner's minimum sentence. At the time of Williams' offense, NRS 213.120(2) stated that "[a]ny credits earned to reduce [a prisoner's] sentence pursuant to chapter 209 of NRS while the prisoner serves the minimum term of imprisonment may reduce only the maximum term of imprisonment imposed and must not reduce the minimum term of imprisonment." 1995 Nev. Stat., ch. 443, § 235, at 1259-60. That provision conflicts with the language in NRS 209.4465(7)(b) that provided for the application of credits to a prisoner's minimum sentence under certain circumstances.

When two statutory provisions conflict, we employ the rules of statutory construction to resolve the conflict. *State v. Eighth Judicial Dist. Court (Logan D.)*, 129 Nev. 492, 508, 306 P.3d 369, 380 (2013). Two rules of statutory construction guide our decision in this matter: the general/specific canon and the implied repeal canon. We address both below but start with the general/specific canon as the implied repeal canon is not favored. *See Washington v. State*, 117 Nev. 735, 739, 30 P.3d 1134, 1137 (2001) (observing that the implied repeal approach "is heavily disfavored, and [this court] will not consider a statute to be repealed by implication unless there is no other reasonable construction of the two statutes").

Under the general/specific canon, the more specific statute will take precedence, *Lader v. Warden*, 121 Nev. 682, 687, 120 P.3d 1164, 1167 (2005), and is construed as an exception to the more general statute, *see* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of*

Supreme Court
OF
Nevada

(O) 1947A

11

*Legal Texts* 183 (2012), so that, when read together, "the two provisions are not in conflict, but can exist in harmony," *id.* at 185. *See also Piroozi v. Eighth Judicial Dist. Court*, 131 Nev., Adv. Op. 100, 363 P.3d 1168, 1172 (2015) ("Where a general and a special statute, each relating to the same subject, are in conflict and they cannot be read together, the special statute controls." (internal quotation marks omitted)). We conclude that NRS 213.120(2), which included a blanket prohibition against the application of credits to all minimum sentences, is the more general statute whereas NRS 209.4465(7)(b), which limited the application of credits to minimum sentences imposed under statutes that did not specify a term before parole eligibility, is the more specific. As the specific statute, NRS 209.4465(7)(b) sets forth an exception to NRS 213.120(2).[8]

The same result follows under the less favored implied repeal canon. That canon provides that "when statutes are in conflict, the one more recent in time controls over the provisions of an earlier enactment." *Laird v. State of Nev. Pub. Emps. Ret. Bd.*, 98 Nev. 42, 45, 639 P.2d 1171, 1173 (1982). NRS 213.120 was amended in 1995 to add the blanket prohibition in subsection 2. 1995 Nev. Stat., ch. 443, § 235, at 1260. NRS 209.4465(7)(b) was enacted in 1997. 1997 Nev. Stat., ch. 641, § 4, at 3175. As NRS 209.4465(7)(b) is the one more recent in time, it controls.

---

[8]Treating NRS 209.4465(7)(b) as the general statute and NRS 213.120(2) as the specific would lead to a result that is inconsistent with the general/specific canon because NRS 213.120(2) would exempt all offenders from the general provision (NRS 209.4465(7)(b)) thereby eliminating the general provision rather than allowing both provisions to exist in harmony.

Based on our interpretation of NRS 209.4465(7)(b) and the applicable sentencing statute, credits that Williams has earned under NRS 209.4465 should be applied to her parole eligibility for any sentence she is currently serving and on which she has not appeared before the parole board. Accordingly, we reverse the judgment of the district court and remand this matter to the district court for proceedings consistent with this order.

_____, J.
Stiglich

We concur:

_____, J.
Hardesty

_____, J.
Parraguirre

