# IN THE SUPREME COURT OF THE STATE OF NEVADA

KENNETH FERGUSON,
Appellant,
vs.
BRIAN WILLIAMS, SR., WARDEN;
THE STATE OF NEVADA
DEPARTMENT OF CORRECTIONS;
AND THE STATE OF NEVADA,
Respondents.

No. 71589

FILED

OCT 13 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

Appellant Kenneth Ferguson asserted that credits he earned under NRS 209.4465 apply to his parole eligibility pursuant to subsection 7 of that statute.[2] The district court denied the petition, concluding in part that Ferguson currently is serving a sentence imposed under a statute that specifies a minimum term that must be served before he is eligible for parole and, therefore, NRS 209.4465(7) provides that credits cannot be applied to his parole eligibility on that sentence. We agree with that determination.

NRS 209.4465(7)(b) (1997) provided that credits earned under the statute apply to parole eligibility "unless the offender was sentenced

---

[1]This appeal has been submitted for decision on the record without briefing or oral argument. NRAP 34(f)(3), (g); see also NRAP 31(d)(1); Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]The amendments to NRS 209.4465 adopted in 2007 do not apply as Ferguson committed his offenses before the effective date of those amendments.

SUPREME COURT
OF
NEVADA

(O) 1947A

17-35057

pursuant to a statute which specifies a minimum sentence that must be served before a person becomes eligible for parole." 1997 Nev. Stat., ch. 641, § 4, at 3175. Ferguson currently is serving a sentence for a first-degree kidnapping that did not result in substantial bodily harm, for which he was sentenced as provided in NRS 200.320(2)(a) to a term of life in prison "with eligibility for parole beginning when a minimum of 5 years has been served." Because NRS 200.320(2)(a) specified a minimum term that Ferguson must serve before he is eligible for parole, NRS 209.4465(7)(b) (1997) provided that credits could not be applied to his parole eligibility on the kidnapping sentence.[3] We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____ J.            _____, J.
Parraguirre                                       Stiglich

---

[3]We acknowledge that Ferguson is also currently serving a sentence for an enhancement on another charge imposed pursuant to a statute that may not specify a minimum term that he must serve before parole eligibility. However, even if credits were applied to the parole eligibility for the enhancement sentence, Ferguson would not be entitled to appear before the Parole Board until he has served the mandatory-minimum sentence for the kidnapping conviction that he is serving concurrently with the enhancement sentence. Additionally, even if credits should have been applied to Ferguson's parole eligibility on the sentences for his other convictions, he has discharged or been paroled from those sentences and therefore no relief is available. *See Niergarth v. Warden*, 105 Nev. 26, 29, 768 P.2d 882, 884 (1989) ("[W]e are unaware of any statutory or case-law authority for the proposition that the Parole Board has authority to grant a retroactive parole.").

 

cc: Hon. Linda Marie Bell, District Judge
Kenneth Bernard Ferguson
Attorney General/Carson City
Attorney General/Las Vegas
Eighth District Court Clerk