# IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID LANI,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75923

FILED

FEB 20 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

Appellant David Lani argues that he has not been properly credited with 16 years of time served after he became eligible for parole. We disagree and affirm the district court decision denying the petition.

Lani was convicted of first-degree murder and robbery with use of a deadly weapon in 1979 and sentenced to a term of life without the possibility of parole for murder and consecutive terms totaling 30 years for robbery. Lani was a juvenile when he committed the offenses. Lani was subsequently convicted of escape and assault with a deadly weapon for crimes he committed as an adult during his incarceration. Sentences for these crimes were imposed to run consecutively to the sentences for murder and robbery. Because Lani was serving a sentence of life without the possibility of parole, no parole hearings were conducted.

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

19-07786

Despite the life-without-parole sentence, Lani became eligible for parole when the Legislature enacted NRS 213.12135(1)(b), which provides that an offender who was a juvenile at the time of his offenses is eligible for parole after serving 20 years if the offense resulted in the death of only one victim. 2015 Nev. Stat., ch. 152, § 3, at 618. This provision was effective October 1, 2015, and applied to offenses committed on or before its effective date. 2015 Nev. Stat., ch. 152, § 5, at 619. Consequently, Lani received a parole hearing on his murder and robbery sentences in early 2016. *See State v. Boston*, 131 Nev. 981, 989-90, 363 P.3d 453, 458-59 (2015) (holding that NRS 213.12135 applies to aggregate sentences for offenses committed when the offender is a juvenile).

Lani argues that because NRS 213.12135 provides for parole eligibility after serving 20 years, he should have been eligible for parole in 1999 and NDOC has not given him credit for the 16-year period he served before being considered for parole. He further argues that the failure to provide him with credit for the 16-year period violates due process and equal protection. Lani's arguments lack merit. He was not eligible for parole in 1999 because he was serving a sentence of life without parole in 1999, and NRS 213.12135 was not enacted or effective until 2015. Nothing in NRS 213.12135 allows for NDOC to alter its records to reflect a parole hearing in 1999 that never took place. Indeed, this court has determined that parole cannot be granted retroactively because doing so would require speculation about what would have occurred in the past if there had been a parole hearing. *See Niergarth v. Warden*, 105 Nev. 26, 29, 768 P.2d 882, 884 (1989). NRS 213.12135 only makes an inmate eligible for parole; it does not guarantee release on parole. The 16-year period was credited as time served in the robbery and murder sentences and cannot be applied to alter the

minimum parole-eligibility terms for the consecutive escape and assault sentences. Because Lani's arguments regarding NRS 213.12135 are flawed, he necessarily fails to demonstrate a violation of due process and equal protection. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.
Parraguirre

_____, J.
Cadish

cc:     Hon. Linda Marie Bell, Chief Judge
        David Lani
        Attorney General/Las Vegas
        Eighth District Court Clerk