**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KESHONE OWENS,<br><br>              Plaintiff-Appellee,<br><br>  v.<br><br>JAMES DZURENDA; et al.,<br><br>              Defendants-Appellants,<br><br> and<br><br>TONY CORDA; et al.,<br><br>              Defendants. | No.    21-17039<br><br>D.C. No.<br>2:19-cv-00126-RFB-BNW<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Argued and Submitted April 18, 2023
San Francisco, California

Before:  CALLAHAN and BUMATAY, Circuit Judges, and BOLTON,** District Judge.

---

        *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **    The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

Appellants, who are individuals employed by the Nevada Department of Corrections (NDOC), appeal the district court's denial of their motion to dismiss Keshone Owens' complaint on qualified immunity grounds. We have jurisdiction under 28 U.S.C. § 1291 and reverse.

Owens received four consecutive "minimum-maximum" sentences in Nevada for a series of robberies he committed in June 2007. Nevada Revised Statutes (NRS) § 209.4465(7)(b) entitles an inmate to have good time credits applied toward his parole eligibility unless the sentencing statute specifies a minimum sentence the inmate must serve before he becomes eligible for parole. Until the Nevada Supreme Court clarified NRS § 209.4465(7)(b) in *Williams v. State Department of Corrections*, 402 P.3d 1260 (Nev. 2017) (holding that the statute applies to minimum-maximum sentences), the NDOC was not applying good time credits toward Owens' parole eligibility. Owens sued Appellants in 2020, claiming they failed to apply NRS § 209.4465(7)(b) and instead retroactively applied NRS § 209.4465(8),[1] which took effect July 1, 2007, to withhold credits from Owens' first sentences. The district court denied Appellants' qualified immunity motion, reasoning that Owens deserved some discovery on his claim that Appellants deliberately violated his constitutional rights.

---

[1] Section 209.4465(8) excepts an inmate convicted of certain felonies from having good time credits applied toward his parole eligibility and would have applied to Owens' sentences if he had committed his offenses on or after July 1, 2007.

1.  We have jurisdiction over an appeal that is filed within 30 days after a final decision of the district court. 28 U.S.C. §§ 1291, 2107(a). "A ruling is final for purposes of § 1291 if it (1) is a full adjudication of the issues, and (2) clearly evidences the judge's intention that it be the court's final act in the matter."[2] *Nat'l Distrib. Agency v. Nationwide Mut. Ins. Co.*, 117 F.3d 432, 433 (9th Cir. 1997) (citation and internal quotations omitted). We give a "practical rather than a technical construction" to finality. *Elliott v. White Mountain Apache Tribal Ct.*, 566 F.3d 842, 845 (9th Cir. 2009) (citation omitted). Appellants contend that they filed a timely notice of appeal within 30 days after the transcript of the hearing on Appellants' motion appeared on the docket, which the district court designated as its written opinion and order. We agree.

Where, as here, "the rules establish a time requirement that limits a litigant's ability to obtain relief from a final judgment, it is imperative that the district court provide a clear signal that the time period within which that relief can be sought

---

[2] Owens suggests that the district court's ruling on Appellants' qualified immunity motion was not final because the court dismissed the motion without completely analyzing the issue and signaled that Appellants could file another motion after discovery. The district court's summary denial of Appellants qualified immunity motion was still an immediately appealable order under § 1291. *Behrens v. Pelletier*, 516 U.S. 299, 306–08 (1996); *see Cmty. House, Inc. v. City of Boise*, 623 F.3d 945, 968 (9th Cir. 2010) (exercising jurisdiction over an appeal from the district court's implicit denial of qualified immunity where the district court found a plausible constitutional violation but did not address whether the law was clearly established).

has begun to run." *Carter v. Beverly Hills Sav. & Loan Ass'n*, 884 F.2d 1186, 1189 (9th Cir. 1989). The district court twice informed the parties that the transcript of the hearing on the motion to dismiss would serve as the written opinion and order, first at the hearing and again in minutes of the proceedings. Owens contends that the minutes of proceedings was the final order because it stated that Appellants' motion was denied. But unlike other minute orders on the docket, the minutes of proceedings did not purport to be an order. This, combined with the court's repeated reference to the transcript as its order, did not "clear[ly] signal" to Appellants that their time to appeal had begun running when the minutes of proceedings were entered to the docket, "and we will not venture to guess whether the court subjectively intended otherwise." *Id.*; *Nationwide*, 117 F.3d at 433–34 (reviewing the "entire record" to ascertain the court's intended effect of an order). Because Appellants filed their notice of appeal within 30 days after the transcript was entered onto the docket, we have jurisdiction over this appeal.

2. We review the district court's denial of Appellants' qualified immunity motion de novo. *See Pauluk v. Savage*, 836 F.3d 1117, 1120 (9th Cir. 2016). The scope of our review is limited to "the 'purely legal' question of whether the facts alleged by [Owens] demonstrate a violation of clearly established law." *Id.* at 1121 (citation omitted). A law violates the Ex Post Facto Clause when "it is both retrospective and more onerous than the law in effect on the date of the

4

offense." *Weaver v. Graham*, 450 U.S. 24, 30–31 (1981). We agree with Appellants that Owens failed to state an ex post facto claim.

Owens alleged that Appellants deliberately refused to follow the Nevada Supreme Court's application of NRS § 209.4465(7)(b) to a minimum-maximum sentence in *Vonseydewitz v. Legrand*, No. 66159, 2015 WL 3936827 (Nev. June 24, 2015), and speculated that Appellants were retroactively applying NRS § 209.4465(8) to deprive Owens of good time credits. *Vonseydewitz* was an unpublished and non-precedential order that did not clearly establish the correct application of NRS § 209.4465(7)(b) to Owens' sentences. *See* Nev. R. App. P. 36(c). Appellants were required to recalculate Owens' parole eligibility only after *Williams* conclusively rejected the NDOC's interpretation of the statute. 402 P.3d at 1264–65. Indeed, Appellants acknowledged that NRS § 209.4465(7)(b) applied to Owens after *Williams* because he was serving minimum-maximum sentences for offenses committed before NRS § 209.4465(8) took effect. But Appellants' misapplication of NRS § 209.4465(7)(b) before *Williams* was not an ex post facto violation and does not support Owens' conclusory assertion that Appellants were retroactively applying NRS § 209.4465(8).

Owens contends that by applying NRS § 209.4465(7)(b) only to his active sentences, Appellants are retroactively withholding the credits Owens accrued on his sentences that expired before *Williams*. *Williams* held that inmates were not

5

entitled to relief on already-discharged sentences because while NRS § 209.4465(7)(b) advances an inmate's parole eligibility, it does not guarantee that he will be paroled once eligible. *Id.* at 1265 n.7. Section 209.4465(7)(b) could only afford Owens an earlier parole hearing, and this opportunity passed once Owens discharged his first sentences. *Id.* ("'[A]ny question as to the method of computing' a sentence is rendered moot when the sentence is expired." (quoting *Johnson v. Dir., Nev. Dep't of Prisons*, 774 P.2d 1047, 1049 (Nev. 1989))). Appellants' alleged refusal to apply Owens' good time credits from his expired sentences to his active sentences does not constitute an ex post facto violation.

We reverse the district court's denial of qualified immunity and remand with instructions to grant Appellants' motion to dismiss based on qualified immunity. **REVERSED AND REMANDED**.