140 Nev., Advance Opinion 81

IN THE COURT OF APPEALS OF THE STATE OF NEVADA

ARINZA SMITH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 88017-COA



FILED

DEC 19 2024

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order denying a petition for a writ of mandamus or prohibition filed on September 8, 2023. Eighth Judicial District Court, Clark County; Erika D. Ballou, Judge.

*Affirmed.*

Arinza Smith, Indian Springs,
in Pro Se.

Aaron D. Ford, Attorney General, and Elsa Felgar, Deputy Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Alexander G. Chen, Chief Deputy District Attorney, Clark County,
for Respondent.

---

BEFORE THE COURT OF APPEALS, GIBBONS, C.J., and BULLA and WESTBROOK, JJ.

24-48888

PER CURIAM:

In his petition for a writ of mandamus or prohibition, appellant Arinza Smith claimed Senate Bill (S.B.) 413[2] revised the method for determining credits to reduce an offender's sentence and stated he was electing to be subjected to the revised method. The district court concluded that Smith was challenging the computation of time he had served and denied the petition because such a challenge had to be raised in a postconviction petition for a writ of habeas corpus. The district court also determined that S.B. 413 was not in effect for computation purposes until July 1, 2025. On appeal, Smith contends the district court erred by denying his petition without conducting an evidentiary hearing.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, NRS 34.160, or to control a manifest abuse or arbitrary or capricious exercise of discretion, *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). A writ of mandamus will not issue, however, if the petitioner has a plain, speedy, and adequate remedy in the ordinary course of law.[3] NRS 34.170.

---

[1]We originally resolved this appeal on October 9, 2024, in an unpublished order. The Office of the Attorney General filed a motion to publish the order as an opinion. Cause appearing, the motion is granted. *See* NRAP 36(e). We now issue this opinion in place of the order.

[2]2023 Nev. Stat., ch. 394, at 2308-18.

[3]Although Smith alternatively sought a writ of prohibition, he does not provide cogent argument regarding that relief. Therefore, we need not consider it. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

 

In June 2023, the Nevada Legislature passed S.B. 413, which "provides a revised method for determining credits to reduce the sentence of an offender." 2023 Nev. Stat., ch. 394, at 2309. This revised method will apply "to an offender sentenced to prison for a crime committed: (1) on or after July 1, 2025; or (2) before July 1, 2025, if the offender elects to be subject to the revised method." *Id.* Smith contends that a writ of mandamus was the proper remedy because he did not ask for "time computation" such that his claim should have been brought in a postconviction habeas petition pursuant to NRS Chapter 34; rather, he sought a "revised method of sentencing." We reject this claim.

A postconviction petition for a writ of habeas corpus "[i]s the *only* remedy available to an incarcerated person to challenge the computation of time that the person has served pursuant to a judgment of conviction, after all available administrative remedies have been exhausted." NRS 34.724(2)(c) (emphasis added). S.B. 413 does not provide a "revised method of sentencing." It provides inmates who were sentenced to prison for a crime committed before July 1, 2025, with an alternative method for determining good time credits. *See* 2023 Nev. Stat., ch. 394, § 1, at 2310-11. And a postconviction habeas petition challenging the computation of time served may dispute the application of credits toward an inmate's sentence, *see Williams v. Nev., Dep't of Corr.*, 133 Nev. 594, 596, 402 P.3d 1260, 1262 (2017), as well as the method by which an inmate's sentence is calculated, *cf. Johnson v. Dir., Nev. Dep't of Prisons*, 105 Nev. 314, 316, 774 P.2d 1047, 1049 (1989) (affirming the district court's denial of a postconviction habeas petition in part because "when appellant expired his sentences, any question as to the method of computing those sentences was rendered moot").

Therefore, Smith's claim seeking the application of a revised method for determining good time credits was a challenge to the computation of time served and thus had to be made in a postconviction habeas petition pursuant to NRS Chapter 34. Accordingly, Smith had a plain, speedy, and adequate remedy in the ordinary course of law by means of filing such a petition, and a writ of mandamus was inappropriate.

Further, we conclude that the district court correctly determined that S.B. 413 was not yet in effect for the purposes of the relief sought. Although the provisions of S.B. 413 revising the method for determining credits became effective upon passage and approval "for the purpose of adopting any regulations and performing any other preparatory administrative tasks that are necessary to carry out the provisions of this act," those provisions become effective on July 1, 2025, "for all other purposes." 2023 Nev. Stat., ch. 394, § 11, at 2318. As a result, the relief Smith seeks is not yet available. Therefore, Smith failed to demonstrate that mandamus relief was warranted to compel a public officer to perform an act that the law especially enjoins as a duty resulting from an office or that the district court manifestly abused its discretion in denying his requested relief. Accordingly, we affirm the district court's order denying Smith's petition without conducting an evidentiary hearing.[4]

_____, C.J.
Gibbons

_____, J.          _____, J.
Bulla                                Westbrook

---

[4]Insofar as Smith raises arguments that are not specifically addressed in this opinion, we have considered the same and conclude that they do not present a basis for relief or need not be reached given the disposition of this appeal.